## IN THE UNITED STATES COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON COURT

ELIJAH WHALEY                                  : Case No.:   3:22-cv-357
6957 Springfarm Court                          Judge Michael J. Neman
Dayton, OH 45459;                              : **COMPLAINT**
        Plaintiff,

                      : **Jury Demand Endorsed Hereon.**

     vs.                                   Magistrate Judge Caroline H. Gentry

                      :

EQUIFAX INFORMATION
SERVICES, LLC.,                                :
a Georgia Limited Liability Company.
c/o Assistant General Counsel                  :
1550 Peachtree Street Northeast
Atlanta, Georgia 30309;                        :
             Defendants.
                      :

                      :

                      :

                      :

### VERIFIED COMPLAINT

**PLAINTIFF, Elijah Whaley, sues EQUIFAX INFORMATION SERVICES, LLC.,
for federal violations of the Fair Credit Reporting Act and states and respectfully
sets forth, complains, and alleges upon information and belief under penalty of
perjury, the following:**

### JURISIDCTION AND VENUE

1.    This Honorable Court has original jurisdiction over this complaint because it presents

       a federal question, pursuant to 28 U.S. Code § 1331.

2.    Venue is proper in the Southern District of Ohio as Plaintiff resides here and

       Defendants conduct business in  the state of Ohio.

3.    Plaintiff brings this action for damages arising from the Defendants' violations of

       15 U.S.C. § 1681 et seq., of the Fair Credit Reporting Act.

4.    This is an action for money damages in excess of $75,000 pursuant to 28 U.S. Code §

       1332.

### PARTIES

5.    At all times material to this lawsuit, Plaintiff was a resident of Greene County and is a

       resident of Montgomery County, Ohio.

6.    At all times material to this lawsuit, Plaintiff was a "consumer" as said term is defined

under 15 U.S. Code § 1681a(c).

7.  At all times material to this lawsuit, EQUIFAX INFORMATION SERVICES, LLC.,
    is a "nationwide consumer reporting agency" (NCRA.) EQUIFAX
    INFORMATION SERVICES, LLC., is a Georgia Limited Liability Company
    located in Atlanta, Georgia. 15 U.S. Code § 1681a(p); 12 C.F.R. § 1022.130(h).
    EQUIFAX INFORMATION SERVICES, LLC., conducts business in the State of
    Ohio.

8.  At all times material to this lawsuit, EQUIFAX INFORMATION SERVICES, LLC.,
    is regularly engaged in the business of assembling, evaluating and disbursing
    information concerning consumers for the purpose of furnishing consumer
    reports, as defined under 15 U.S. Code § 1681a(p) to third parties.

9.  Defendant EQUIFAX INFORMATION SERVICES, LLC., is a consumer reporting
    agency as defined by 15 U.S Code § 1681a(f) and conducts substantial and
    regular business activities in this judicial district.

10. Defendant EQUIFAX INFORMATION SERVICES, LLC., is a Georgia limited
    liability company and may be served with process upon the Corporation Service
    Company, 2 Sun Court Suite 400, Peachtree Corners, Georgia 30092. At all times
    material hereto, EQUIFAX INFORMATION SERVICES, LLC., disbursed such
    consumer reports to third parties under a contract for monetary compensation.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff comes into this court with clean hands and in good faith.

12. Plaintiff has exhausted administrative remedy.

13. Defendant's failure to respond in good faith presumes to admit agreement through tacit
    procuration and the matter is considered res judicata and stare decsis.

14. EQUIFAX INFORMATION SERVICES, LLC., failed to speak, rebut with multiple
    opportunities given.

15. Moreso, EQUIFAX INFORMATION SERVICES, LLC., has both a duty and obligation to
    respond as a nationwide consumer reporting agency as defined in 15 U.S. Code 1681i et

seq, 15 U.S. Code § 1681a(p); 12 C.F.R. § 1022.130(h).

16.  In conjunction, EQUIFAX INFORMATION SERVICES, LLC., has both a duty and obligation to speak, rebut, respond pursuant to the Fair Credit Reporting Act and Uniform Commercial Code § 1-202. Notice; Knowledge., § 3-502. DISHONOR., § 3-505. EVIDENCE OF DISHONOR.

17.  EQUIFAX INFORMATION SERVICES, LLC., willingly failed to respond which resulted in Estoppel by Silence.

18.  EQUIFAX INFORMATION SERVICES, LLC., is a publicly traded company that is limited liability company located in Atlanta, Georgia.

19.  EQUIFAX INFORMATION SERVICES, LLC., compiles and maintains financial information, consumer, and commercial data from across the nation and worldwide. EQUIFAX INFORMATION SERVICES, LLC., uses credit information it has collected from consumer credit files and sells information to third parties.

20.  For 2021, EQUIFAX INFORMATION SERVICES, LLC., publicly reported annual revenue of more than $4.1 billion.

21.  Defendants have marketed and sold Credit-Related Products to consumers through numerous online channels. This includes banner and display advertisements that appear on Defendants main website (equifax.com) and on popular websites such as bankrate.com, auto.com, and Amazon.

22.  Defendants have sent direct emails to certain consumers; search engines such as Google; social media; and other online mediums for several advertisements.

23.  EQUIFAX INFORMATION SERVICES, LLC., is a multinational for-profit corporation that collects, organizes and sells credit information about consumers.

24.  EQUIFAX INFORMATION SERVICES, LLC., primary business revolves around creating and selling consumer credit reports.

25.  In the ordinary case of business EQUIFAX INFORMATION SERVICES, LLC., actively sells credit information about consumers to companies for marketing purposes.

26.  EQUIFAX INFORMATION SERVICES, LLC., and any relevant subsidiaries assumed the rule to furnish consumer credit information or profiles.

27.     EQUIFAX INFORMATION SERVICES, LLC., was never appointed by any government or person(s) of authority to furnish consumer credit information or profiles.

28.     Third parties compensate EQUIFAX INFORMATION SERVICES, LLC., considerably greater for selling "subprime" or "sub-tier" credit information, that is reasonably considered between 300 to 579 and 580 to 669.

29.     According to the Federal Trade Commission over sixty-nine percent of all credit reports contain errors.

30.     Defendant has an extensive history of violating the Fair Credit Reporting Act and blatant disregard for Consumer Financial Protection Bureau orders.

31.     On January 5th, 2022, Consumer Financial Protection Bureau Director, Rohit Chopra has gone on record stating, "America's credit reporting oligopoly has little incentive to treat consumers fairly when their credit reports have errors. Today's report is further evidence of the serious harms stemming from their faulty financial surveillance business model."

32.     The precise type of insufficient consumer investigation and measure of following the Fair Credit Reporting Act at issue in this case have been repeatedly brought to EQUIFAX INFORMATION SERVICES, LLC's attention but have been ignored, leaving Plaintiff at the mercy of a for profit consumer reporting agency. Instead of correcting the false and misleading information subjected within the consumer credit report, EQUIFAX INFORMATION SERVICES, LLC., has, instead, repeatedly chosen to prioritize profit over consumer rights. EQUIFAX INFORMATION SERVICES, LLC., profit-making pursuit has put the jeopardy of Plaintiff's consumer credit profile at risk on more than one occasion.

33.     Indeed, EQUIFAX INFORMATION SERVICES, LLC's insufficient regulatory compliance procedures and insufficient consumer investigations and handling have continuously violated Plaintiff's consumer rights on numerous occasions, Moreso, EQUIFAX INFORMATION SERVICES, LLC., has a well-published history of placing profits over people over the past decade.

34.     Pursuant to 15 U.S. Code § 1681 Congress has made the following findings and statements;

unfair credit reporting methods undermine the public confidence which is
essential to the continued functioning of the banking system.

2.      An elaborate mechanism has been developed for investigating and evaluating
the credit worthiness, credit standing, credit capacity, character, and general
reputation of consumers.

3.      Consumer reporting agencies have assumed a vital role in assembling and
evaluating consumer credit and other information on consumers.

4.      There is a need to insure that consumer reporting agencies exercise their grave
responsibilities with fairness, impartiality, and a respect for the consumer's right
to privacy.

(b)REASONABLE PROCEDURES

It is the purpose of this subchapter to require that consumer reporting agencies
adopt reasonable procedures for meeting the needs of commerce
for consumer credit, personnel, insurance, and other information in a manner
which is fair and equitable to the consumer, with regard to the confidentiality,
accuracy, relevancy, and proper utilization of such information in accordance
with the requirements of this subchapter.

34.     Pursuant to 15 U.S. Code § 1681a(f), The term "consumer reporting agency" means any
person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly
engages in whole or in part in the practice of assembling or evaluating consumer credit
information or other information on consumers for the purpose of furnishing consumer
reports to third parties, and which uses any means or facility of interstate commerce for
the purpose of preparing or furnishing consumer reports.

35.     Pursuant to 15 U.S. Code § 1681a(d)(1) In general.—The term "consumer report"
means any written, oral, or other communication of any information by a consumer
reporting agency bearing on a consumer's credit worthiness, credit standing, credit
capacity, character, general reputation, personal characteristics, or mode of living which
is used or expected to be used or collected in whole or in part for the purpose of serving
as a factor in establishing the consumer's eligibility.

36.     On December 28th, 2021, an initial consumer dispute was mailed through United States

Postal Service addressed to EQUIFAX INFORMATION SERVICES, LLC., Consumer

Dispute Center P.O. Box 105069 Atlanta, Georgia 30348.  **See Exhibit 1 Below.**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348

December 28, 2021

I received a copy of my credit report and found you are reporting incorrect information to the credit bureaus.

According to the Fair Credit Reporting Act, Section 609 (a)(1)(A), you are required by federal law to verify -through the physical verification of the original signed consumer contract -any and all accounts you post on a credit report. Otherwise, anyone paying for your reporting services could fax, mail, or email in a fraudulent account.
I demand to see the Verifiable Proof (an original Consumer Contract with my Signature on it) you have on file of the accounts listed below.

Your failure to positively verify these accounts has hurt my ability to obtain credit. Under the FCRA, unverified accounts either be removed or updated accurately based on the consumer's request. If you are unable to provide me with a copy of the verifiable proof, you must remove the accounts listed below.

I demand the following account be verified immediately and deleted from my consumer credit report.

1. The following account was never authorized. The account should be deleted immediately pursuant to U.S. Code, and should accurately be reported.
General Electric Credit Union
Account Number: XXXXX8170

I demand the following accounts be verified up to date with payments shown correctly.

2.. The following account was Paid in Full with no missed payments. The balance should be $0. The first date of delinquency is inaccurate. This should accurately be reported.
BridgeCrest
Account Number: XXXXXXXX7201

3. The following accounts was Paid in Full with no missed payments. The balance should be $0. The first date of delinquency is inaccurate. This should accurately be reported.
Capital One

Please remove all non-account holding inquiries over 30 days.
Please add a Promotional Suppression to my file.
Please remove all accounts that are not METRO 2 COMPLIANCE.

Please note that you have 30 days to complete this investigation, as per the
Fair Credit Reporting Act Section 611(a)(1)(A). Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested as well, to be provided within (5) days of the completion of your re-investigation and I am keeping a careful record of your actions, including your Method of Verification. I do not consent to e-Oscar or any means of automated verification.
Once again the description of the procedure used to verify the accuracy and, completeness of the information is demanded as well.

Under 15 U.S. Code § 1681 (Fair Credit Reporting Act), I demand these items be fully verified and demand to know the method of verification used during the investigation process. It is my knowledge that as a Credit Consumer Agency, you'll verify these said items with the credit furnisher who has posted them and cross verify the information that is on record. Remove any information that cannot be verified. I understand that under 15 U.S.Code § 1681i - Procedure in case of disputed accuracy

**(a)Reinvestigations of disputed information**

   **(1)Reinvestigation required**

      **(A)In general**

      Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

**Shall:** "…this word is generally imperative or mandatory."; Black Laws Dictionary

**Reasonable:** Agreeable to reason; just; proper; Black Laws Dictionary

**Inaccurate:** Not accurate, faulty; Black Laws Dictionary

Failure to respond satisfactorily within 30 days of receipt of this certified letter may result in a small claims action against your company, seeking $1,000 per violation for:

   1. Defamation of Character (per se)

7

2. Negligent Enablement of Identity Fraud
3. Financial injury
4. Emotional damages
5. Loss of financial opportunity
6. Fair Credit Reporting Act 15 USC §1681 violations for willful noncompliance - §1681n. Civil liability for willful noncompliance (15 USC §1681n)

<u>You have been put on notice that the information you are continuing to furnish is misleading.</u>

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

CC: Thomas Ward Assistant Director of EnforcementConsumer Financial Protection Bureau 1700 G. Street NW Washington, D.C. 2055
CC: Law Firm Cravath Swaine & Moore LLP
CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau
CC: State Senate
CC: Federal Deposit Insurance Corporation
CC: Comptroller Of The Currency
CC: Federal Reserve System
CC: Credit and insurance
CC: Federal Trade Commission
CC: State Regulatory agency
CC: California Regulatory agency Division of consumer complaints

Respectfully,
Elijah Whaley



37.    A notary states and confirms all proper documentation and correspondence was placed in the envelope by Plaintiff in front of them.

38.    In addition, on December 28th, 2021 an exact copy of the initial consumer dispute was mailed through United States Postal Service addressed to Katherine Dunn, Assistant General Counsel, Equifax LLC, 1550 Peachtree St NE Atlanta, Georgia 30309. **Exhibit 1.1 Below.**

39.    A notary states and confirms all proper documentation and correspondence was placed in the envelope by Plaintiff in front of them.

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Katherine Dunn
Assistant General Counsel
Equifax LLC
1550 Peachtree St
NE Atlanta, Georgia 30309

December 28, 2021

I received a copy of my credit report and found you are reporting incorrect information to the credit bureaus.

According to the Fair Credit Reporting Act, Section 609 (a)(1)(A), you are required by federal law to verify -through the physical verification of the original signed consumer contract -any and all accounts you post on a credit report. Otherwise, anyone paying for your reporting services could fax, mail, or email in a fraudulent account.
I demand to see the Verifiable Proof (an original Consumer Contract with my Signature on it) you have on file of the accounts listed below.

Your failure to positively verify these accounts has hurt my ability to obtain credit. Under the FCRA, unverified accounts either be removed or updated accurately based on the consumer's request. If you are unable to provide me with a copy of the verifiable proof, you must remove the accounts listed below.

I demand the following account be verified immediately and deleted from my consumer credit report.

1. The following account was never authorized. The account should be deleted immediately pursuant to U.S. Code, and should accurately be reported.
General Electric Credit Union
Account Number: XXXXX8170

I demand the following accounts be verified up to date with payments shown correctly.

2.. The following account was Paid in Full with no missed payments. The balance should be $0. The first date of delinquency is inaccurate. This should accurately be reported.
BridgeCrest
Account Number: XXXXXXXX7201

3. The following accounts was Paid in Full with no missed payments. The balance should be $0. The first date of delinquency is inaccurate. This should accurately be reported.
Capital One

40.     Within the letter EQUIFAX INFORMATION SERVICES, LLC., and Assistant General

Counsel were placed on constructive and formal notice for furnishment for misleading

information on Plaintiffs consumer credit report. **See Exhibit 1.2.**

You have been put on notice that the information you are continuing to furnish is misleading.

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

CC: Thomas Ward Assistant Director of Enforcement Consumer Financial Protection Bureau
1700 G. Street NW Washington, D.C. 2055
CC: Law Firm Cravath Swaine & Moore LLP
CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau
CC: State Senate
CC: Federal Deposit Insurance Corporation
CC: Comptroller Of The Currency
CC: Federal Reserve System
CC: Credit and insurance
CC: Federal Trade Commission
CC: State Regulatory agency
CC: California Regulatory agency Division of consumer complaints

Thank you for your time and help in this matter.

41. EQUIFAX INFORMATION SERVICES, LLC., failed to a conduct investigation into the initial consumer dispute dated December 28th, 2021.

42. Damage caused unto Plaintiff by no further update directly from consumer reporting agency regarding consumer credit profile.

43. In addition, further damage caused unto Plaintiff by EQUIFAX INFORMATION SERVICES, LLC., negligence to delete or modify information contained within the consumer credit report.

44. The information contained within the consumer credit report being furnished by EQUIFAX INFORMATION SERVICES, LLC., should have been deleted or modified in accordance with unverifiable information set forth by the Fair Credit Reporting Act.

45. Likewise, the information contained within the consumer credit report being furnished by EQUIFAX INFORMATION SERVICES, LLC., should have been deleted or modified if a consumer investigation was never conducted.

46. On January 29th, 2022, a second consumer dispute was accepted by United States Postal Service, addressed to EQUIFAX INFORMATION SERVICES, LLC., mailed through United States Postal Service addressed to EQUIFAX INFORMATION SERVICES, LLC., Consumer Dispute Center.

51. A second consumer dispute addressed to Equifax Information Services, LLC, was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70210950000127018290).

52.     The second consumer dispute was mailed approximately on January 29th, 2022.

53.     The second consumer dispute was accepted approximately on February 11th, 2022, at

        06:48 am in Atlanta, Georgia 30348. **See Exhibit 2.**



54.     Within the first page of the second consumer dispute, Plaintiff mailed a letter

        showcasing identity alongside enforcement of the Fair Credit Reporting Act and if

        federal laws were not properly being followed as evidenced, Plaintiff would proceed

        with litigation. **See Exhibit 2.1 below.**

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

<u>YOU HAVE BROKEN FEDERAL LAW</u>

Elijah Niles Whaley
4065 Brookdale Lane Unit 11
Dayton, OH 45440

Equifax Information Services
LLC
P.O. Box 105069
Atlanta, GA 30348



January 27, 2022

Elijah Niles Whaley
Governor of Ohio, John Kasich

This is in correspondence to the lack of response I have received from Equifax, in regards to the initial letter I sent dated December 28, 2021, and accepted on January 2, 2021, in Atlanta, Georgia 30309. Be advised pursuant to Admas v Lindsell 1818 (B & Ald 681), Household Fire Insurance v Grant 1879 (LR 4 Ex D 216), and Dunlop v Higgins (1848) 1 HL Cas 381. The posting rule in the United States is an exception to the general rule of contract law in common law countries that acceptance of an offer takes place when communicated.

<u>Under United States common law, Equifax has not replied with correspondence, or investigation results and is thereby subject to U.S Code 15 § 1681i, and to comply with my original request as a consumer, removing information I never gave written permission to furnish and legal remedies paid through a certified check to my place of abode.</u> If you continue with your willful-non compliance in these matters; willfully violate federal law, and do not abide by my demands as stipulated under federal law, I, Elijah Niles Whaley will be forced to proceed with legal counsel should this situation be handled in federal court.

Your actions have damaged my personal reputation through consumer credit reporting (See 15 U.S. Code § 1681), you have caused mental duress, lack of financial resources, and my time has been invested into correcting your errors.

---

55.     In addition, on January 29th, 2022 an exact copy of the second consumer dispute was

mailed through United States Postal Service addressed to Katherine Dunn, Assistant

General Counsel, Equifax LLC, 1550 Peachtree St NE Atlanta, Georgia 30309. **See**

**Exhibit 2.1 and 2.2 below.**

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

<u>YOU HAVE BROKEN FEDERAL LAW</u>

Elijah Niles Whaley
4065 Brookdale Lane Unit 11
Dayton, OH 45440

Katherine Dunn
Assistant General Counsel
Equifax LLC
1550 Peachtree St
NE Atlanta, Georgia 30309

January 27, 2022



Elijah Niles Whaley
Governor of Ohio, John Kasich

This is in correspondence to the lack of response I have received from Equifax, in regards to the initial letter I sent dated December 28, 2021, and accepted on January 2, 2021, in Atlanta, Georgia 30309. Be advised pursuant to Admas v Lindsell 1818 (B & Ald 681), Household Fire Insurance v Grant 1879 (LR 4 Ex D 216), and Dunlop v Higgins (1848) 1 HL Cas 381. The posting rule in the United States is an exception to the general rule of contract law in common law countries that acceptance of an offer takes place when communicated.

<u>Under United States common law, Equifax has not replied with correspondence, or investigation results and is thereby subject to U.S Code 15 § 1681i, and to comply with my original request as a consumer, removing information I never gave written permission to furnish and legal remedies paid through a certified check to my place of abode.</u> If you continue with your willful-non compliance in these matters; willfully violate federal law, and do not abide by my demands as stipulated under federal law, I, Elijah Niles Whaley will be forced to proceed with legal counsel should this situation be handled in federal court.

Your actions have damaged my personal reputation through consumer credit reporting (See 15 U.S. Code § 1681), you have caused mental duress, lack of financial resources, and my time has been invested into correcting your errors.

56. Within the second consumer dispute, Plaintiff reiterated federal law mandating

consumer reporting agencies shall not exceed thirty days to complete an investigation.

**See Exhibit 2.3 below.**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348

January 27, 2022

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

<u>YOU HAVE BROKEN FEDERAL LAW</u>

On December 28, 2021, I wrote to you requesting an investigation into items that I believed were INACCURATE AND UNVERIFIED. To date, I have not received a reply from you or any acknowledgment that an investigation has begun. In my previous request, I listed my reasons for disputing the information. I have enclosed it again and request that you reply within less than thirty (30) days.

57.     In addition, within the second consumer dispute, Plaintiff reiterated federal law

        mandating consumer reporting agencies shall not exceed thirty days to complete an

        investigation and the violations of the Fair Credit Reporting Act. **See Exhibit 2.4**

        **below.**

58.     Likewise, the second consumer dispute mailed on January 29th, 2022, Plaintiff

        reiterated failure to conduct initial investigation, response, or disclosure sent to

        consumer based on initial consumer dispute sent on December 28th, 2021. **See Exhibit**

        **2.4 below.**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348

                                                                    January 27, 2022

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

<u>YOU HAVE BROKEN FEDERAL LAW</u>

On December 28, 2021, I wrote to you requesting an investigation into items that I believed were INACCURATE AND UNVERIFIED. To date, I have not received a reply from you or any acknowledgment that an investigation has begun. In my previous request, I listed my reasons for disputing the information. I have enclosed it again and request that you reply within less than thirty (30) days.

Since this is my SECOND demand, I will also be sending a copy of this letter to the Federal Trade Commission notifying them that I have signed receipts for letters sent to you and you have not complied with my request.

As you are well aware federal law requires you to respond within 30 days, yet you have failed to respond. Failure to comply with these federal regulations by credit reporting agencies is investigated by the Federal Trade Commission (see 15 USC 41, et seq.). I am maintaining a careful record of my communications with you on this matter, for the purpose of filing a complaint with the FTC should you continue in your non-compliance. I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you will be liable for your willful non-compliance and damages caused to my livelihood and way of living due to your willful negligence.

According to the Fair Credit Reporting Act, Section 609 (a)(1)(A), you are required by federal law to verify -through the physical verification of the original signed consumer contract -any and all accounts you post on a credit report. Otherwise, anyone paying for your reporting services could fax, mail, or email in a fraudulent account.
I demand to see the Verifiable Proof (an original Consumer Contract with my Signature on it) you have on file of the accounts listed below.

As stated in 15 U.S. Code § 15 - Suits by persons injured

**(a)Amount of recovery; prejudgment interest**

Except as provided in subsection (b), <u>any person who shall</u> be injured in his business or property by reason of anything forbidden in the antitrust laws <u>may sue</u> therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, <u>and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.</u> The court may award under this section, pursuant to a motion by such person promptly made, simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment, or for any shorter period therein, if the court finds that the award of such interest for such period is just in the circumstances. In determining whether an award of interest under this section for any period is just in the circumstances, the court shall consider only—

On January 27, 2022, I sent a consumer credit application in regards to a, "2021 Mercedes-Benz G-Class AMG® 63 SUV" VIN: W1NYC7HJ7MX416181 with an agreed-upon price of $250,000. I was denied due to the false information on my credit consumer report that you have been furnishing. As stated above in 15 U.S. Code § 15(a), due to your willful noncompliance in accordance with 15 U.S. Code § 1681n you have injured my business and personal reputation due to your inaccurate information reflecting on my consumer credit profile. <u>You are liable to damages threefold of the $250,000 which approximately calculates $750,000</u>.



| Creditor Name | Address | Phone Number |
| --- | --- | --- |
| MB FIN SVCS | 36455 CORPORATE DR FARMINGTON HIL, MI 48331 | (248) 991-6700 |

Your failure to positively verify these accounts has hurt my ability to obtain credit. Under the FCRA, unverified accounts either be removed or updated accurately based on the consumer's request. If you are unable to provide me with a copy of the verifiable proof, you must remove the accounts listed below

I DEMAND the following account be deleted from my consumer credit report.



The Account Status is incorrect.
The Monthly Payment is incorrect.
The Balance is incorrect.
The High Credit is incorrect.
Past Due is incorrect.
Payment Status is incorrect.
Last Reported Date is incorrect.
Date of Last Payment is incorrect.
I demand this account be deleted from my consumer credit profile immediately

The personal consumer information listed on file does not match mine. The address, phone number, and email address among other variables. I DO NOT CONSENT to information being updated. I want the above-mentioned account deleted immediately from my consumer credit profile you have less than thirty (30) days to comply.

Your company is in clear violation of the law. Under 15 U.S. Code § 1681b - Permissible purposes of consumer reports, THE LAW CLEARLY STATES:

    **(a) IN GENERAL**
        Subject to subsection (c), <u>any consumer reporting agency may furnish a consumer report under the following circumstances and no other</u>:

16

(2) In accordance with the written instructions of the consumer to whom it relates.

Did I give you written instructions to furnish this inaccurate information on my consumer credit report?

Furthermore, the FAIR CREDIT REPORTING ACT 15 U.S. Code § 1681a(2)(a)(i) Exclusions from a consumer report clearly states:
   (2) **Exclusions.**—Except as provided in paragraph (3), the term "consumer report" does not include—
      (A) Subject to section 1681s–3 of this title, any—
         **(i)**report containing information solely as to transactions or experiences between the consumer and the person making the report;

Delete the above-mentioned account from my consumer report, this agency is in violation of 15 U.S. Code § 1681 and direct violation and negligence pursuant to 15 U.S. Code § 1681n and 15 U.S. Code § 1681o.

Furthermore, the IRS states for any amount over $600 dollars the lien holder (General Electric Credit Union) have to send a 1099c form in regards to a cancellation of debt. Since a 1099c is seen as earned income in the eyes of the IRS; income is not and never reported on consumer reports. Therefore, if I received my 1099c and I filed it as income how it is being reported as debt on my consumer report? How is canceled debt showing on my consumer report it explicitly states "Charge Off". According to the Fair Credit Reporting Act, it has to be taken off of my consumer report. 15 U.S. Code § 1681e - Compliance procedures

(b) **Accuracy of report -**
   Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the *individual* about whom the report relates.

**Reasonable:** Agreeable to reason; just; proper; Black Laws Dictionary

**Procedure:** "…legal principles constituting the substance of the law, and denotes the body of rules… It is also generally distinguished from the law of evidence;" Black Laws Dictionary.

**Maximum:** The highest amount, value, or degree attained or recorded; Dictionary.

**Accuracy:** The lack of error in accounting. All the values are deemed correct; Black Laws Dictionary.

How can you maintain maximum accuracy when the item being reported is entirely inaccurate? The only conclusion I can assume is willful negligence at best, and mail fraud as discussed in 18 U.S. Code Chapter 63, at reasonable worse



Pursuant to Under 15 U.S. Code § 1681b - Permissible purposes of consumer reports, THE LAW CLEARLY STATES:

**(b) IN GENERAL**
Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
(2) In accordance with the written instructions of the consumer to whom it relates.

Did I give you consent to furnish inaccurate information to jeopardize my livelihood and mode of living? As mentioned in the previous letter dated December 28, 2021, I stated that there were no missed payments and the remaining balance was paid in full by the insurance company. THERE WERE NEVER ANY MISSED PAYMENTS



Over a four-year period, the above-mentioned account was never late, nor had a late payment.

Under 15 U.S. Code § 1681 (Fair Credit Reporting Act), I demand these items are fully verified and demand to know the method of verification used during the investigation process. It is my knowledge that as a Credit Reporting Agency, you'll verify these said items with the credit furnisher who has posted them and cross verify the information that is on record. Remove any information that cannot be verified and adjust it accordingly to my request. I understand that under 15 U.S.Code § 1681i - Procedure in case of disputed accuracy

**(a)Reinvestigations of disputed information**

   **(1)Reinvestigation required**

      **(A)**In general

      Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in

accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

**Shall:** "…this word is generally imperative or mandatory."; Black Laws Dictionary

**Reasonable:** Agreeable to reason; just; proper; Black Laws Dictionary

**Inaccurate:** Not accurate, faulty; Black Laws Dictionary

Once again pursuant to 15 U.S. Code § 1681b - Permissible purposes of consumer reports, THE LAW CLEARLY STATES:

   (c) **IN GENERAL**
      Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
         (2) In accordance with the written instructions of the consumer to whom it relates.

Did I give you written instructions to furnish this inaccurate information on my consumer credit profile?

Please remove all non-account holding inquiries over 30 days.
Please add a Promotional Suppression to my file.
Please remove all accounts that are not METRO 2 COMPLIANCE.

Please note that you have 30 days to complete this investigation, as per the
Fair Credit Reporting Act Section 611(a)(1)(A). Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested as well, to be provided within (5) days
of the completion of your re-investigation and I am keeping a careful record of your actions, including your Method of Verification. I do not consent to e-Oscar or any means of automated verification.

Failure to respond satisfactorily within 30 days of receipt of this certified letter may result in a small claims action against your company, seeking $1,000 per violation for:

   1. Defamation of Character (per se)
   2. Negligent Enablement of Identity Fraud
   3. Financial injury
   4. Emotional damages
   5. Loss of financial opportunity
   6. Fair Credit Reporting Act 15 USC §1681 violations for willful noncompliance - §1681n.
      Civil liability for willful noncompliance (15 USC §1681n)

<u>You have been put on notice that the information you are continuing to furnish is misleading.</u>

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

CC: Thomas Ward Assistant Director of Enforcement Consumer Financial Protection Bureau 1700 G. Street NW Washington, D.C. 2055
CC: Law Firm Cravath Swaine & Moore LLP
CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau
CC: State Senate
CC: Federal Deposit Insurance Corporation
CC: Comptroller Of The Currency
CC: Federal Reserve System
CC: Credit and insurance
CC: Federal Trade Commission
CC: State Regulatory agency
CC: California Regulatory agency Division of consumer complaints

Thank you for your time,

Elijah Whaley

Below I have enclosed my ID, Utility Bill, and a brokerage statement

21





58. A notary states and confirms all proper documentation and correspondence was placed in the envelope by Plaintiff in front of them.

59. Further, a notary states and confirms all proper documentation and correspondence was placed in the envelope by Plaintiff in front of them and addressed to Equifax LLC, Assistant General Counsel.

60. Within the second consumer dispute, Plaintiff placed the consumer reporting agency on constructive and formal notice for furnishing misleading information. **See Exhibit 2.5 below.**

You have been put on notice that the information you are continuing to furnish is misleading.

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

61.     In conjunction with the second consumer dispute, Plaintiff requested the procedure used

to determine the accuracy of this consumer investigation. **See Exhibit 2.6.**

Please remove all non-account holding inquiries over 30 days.
Please add a Promotional Suppression to my file.
Please remove all accounts that are not METRO 2 COMPLIANCE

Please note that you have 30 days to complete this investigation, as per the
Fair Credit Reporting Act Section 611(a)(1)(A). Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested as well, to be provided within (5) days
of the completion of your re-investigation and I am keeping a careful record of your actions, including your Method of Verification. I do not consent to e-Oscar or any means of automated verification.

62.     In accordance with the Fair Credit Reporting Act, 15 U.S. Code §1681a(e), an

investigative consumer report is conducted by personal interview with neighbors,

friends, or associates of the consumer.

63.     EQUIFAX INFORMATION SERVICES, LLC., failed to mail the results of the consumer

investigation or use any other medium available.

64.     EQUIFAX INFORMATION SERVICES, LLC., failed to identify the procedure used to

determine the accuracy of the investigation.

65.     Within the second consumer dispute letter mailed on January 29th, 2022, citations of

similar case laws were outlined by Plaintiff. **See Exhibit 2.-2.4 for reference.**

66.     Likewise, all previous consumer disputes and mailed correspondence were attached to

the second consumer dispute.

67.     With the second consumer dispute letter mailed and addressed to EQUIFAX

INFORMATION SERVICES, LLC., United States Postal Service, Certified Mail, with

Domestic Return Receipt 70210950000127018306, Defendant had until March 6th,

2022, to reply to second consumer dispute.

68.     EQUIFAX INFORMATION SERVICES, LLC., failed to respond within thirty days as

mandated in accordance with the Fair Credit Reporting Act.

69. In addition, the letter included a request for all previous correspondence addressed to EQUIFAX INFORMATION SERVICES, LLC., to be mailed to Plaintiff.

70. EQUIFAX INFORMATION SERVICES, LLC., failed to send all previous correspondence to Plaintiff.

71. On or around March 6th, 2022, EQUIFAX INFORMATION SERVICES, LLC., did not reply to the second consumer dispute or send requested documentation.

72. In addition, the third consumer dispute included the common law, mailbox rule or deposited acceptance rule.

59. In conjunction, within the second letter, Plaintiff included four separate invoices for violation of federal law in accordance with the Fair Credit Reporting Act.

60. Each invoice was approximately $6,000.00. **See Exhibit 2.7 below.**

**INVOICE - EQUIFAX LLC GENERAL
ELECTRIC CREDIT UNION**

**Elijah Whaley**

INV0004

4065 Brookdale Lane, Unit 11

**DATE**

Dayton, Ohio

Jan 29, 2022

45440-5440

(317)-767-5444

**DUE**

On Receipt

**BALANCE DUE**

USD $6,000.00

**BILL TO**

**Assistant General Counsel**

Equifax LLC

1550 Peachtree St NE

NE Atlanta, Georgia

30309

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | | $6,000.00 |
| **TAX (0%)** | | $0.00 |

Pay via certified check to my place of abode:
ELIJAH WHALEY
4065 BROOKDALE LANE UNIT 11
DAYTON, OHIO 45440

| | |
|---|---|
| **TOTAL** | $6,000.00 |
| **BALANCE DUE** | **USD $6,000.00** |

INVOICE - EQUIFAX LLC HOME ADDRESS
!NV0007

**Elijah Whaley**

4065 Brookdale Lane, Unit 11
Dayton, Ohio
45440-5440
(317)-767-5444

**DATE**
Jan 29, 2022

**DUE**
On Receipt

**BALANCE DUE**
USD $6,000.00

BILL TO

**Assistant General Counsel**

Equifax LLC
1550 Peachtree St NE
NE Atlanta, Georgia
30309

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15  U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15  U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |

| | | |
|---|---|---|
| SUBTOTAL | | $6,000.00 |
| TAX (0%) | | $0.00 |
| TOTAL | | $6,000.00 |
| BALANCE DUE | | **USD $6,000.00** |

Pay via certified check to my place of abode:
ELIJAH WHALEY
4065 BROOKDALE LANE UNIT 11
DAYTON, OHIO 45440

**INVOICE - EQUIFAX LLC FEDERAL
VIOLATIONS DEFAMATION BRIDGECREST**

**Elijah Whaley**

INV0008

4065 Brookdale Lane, Unit 11

**DATE**

Dayton, Ohio

Jan 29,, 2022

45440-5440

**DUE**

(317)-767-5444

On Receipt

**BALANCE DUE**

USD $6,000.00

**BILL TO**

**Assistant General Counsel**

Equifax LLC

1550 Peachtree St NE

NE Atlanta, Georgia

30309

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | | $6,000.00 |
| **TAX (0%)** | | $0.00 |
| **TOTAL** | | $6,000.00 |
| **BALANCE DUE** | | **USD $6,000.00** |

Pay via certified check to my place of abode:
ELIJAH WHALEY
4065 BROOKDALE LANE UNIT 11
DAYTON, OHIO 45440

**Elijah Whaley**

4065 Brookdale Lane, Unit 11
Dayton, Ohio
45440-5440
(317)-767-5444

INVOICE - EQUIFAX LLC FEDERAL
VIOLATIONS DEFAMATION CAPITAL
ONE
INV0009

**DATE**
Jan 29, 2022

**DUE DATE**
On Receipt

**BALANCE DUE**
USD $6,000.00

BILL TO

**Equifax LLC**

Assistant General Counsel
1550 Peachtree St NE
NE Atlanta, Georgia
30309

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | | $6,000.00 |
| **TAX (0%)** | | $0.00 |
| **TOTAL** | | $6,000.00 |
| **BALANCE DUE** | | **USD $6,000.00** |

Pay via certified check to my place of abode:
ELIJAH WHALEY
4065 BROOKDALE LANE UNIT 11
DAYTON, OHIO 45440

73.     EQUIFAX INFORMATION SERVICES, LLC., failed to respond to the second consumer
complaint letter that was sent via United States Postal Service, Certified Mail and with
Domestic Return Receipt.

47.     Approximately on March 1st, 2022, Plaintiff sent an initial consumer complaint to the
Consumer Financial Protection Bureau (Complaint Number: 220301-8212514)
regarding EQUIFAX INFORMATION SERVICES, LLC., Fair Credit Reporting Act
violations and disregard for law. **See Exhibit 3 below.**



Consumer Financial
Protection Bureau                **Start a new complaint**
            (https://www.consumerfinance.gov/)

❮ All complaints (.)

# 220301-8212514

CLOSED

## ✓ Submitted

**STATUS**
Submitted to the CFPB on 3/1/2022

48.　　Plaintiff outlines the numerous hardships and difficulties the false furnishment of

information has:

a)　Plaintiff acknowledges firsthand they have suffered from damage to reputation, general

mode of living and operation and the ability to obtain credit for personal and home

purposes.

b)　Plaintiff acknowledges EQUIFAX INFORMATION SERVICES, LLC., have destroyed his

livelihood through negligence and inaccurate furnishment of information on the consumer credit

report.

c)　Plaintiff reinstates the exhaustion between EQUIFAX INFORMATION SERVICES, LLC.,

unwilling to correct errors, and a troubling economy.

49.　　Within the Consumer Financial Protection Bureau complaint sent on March 1st, 2022,

Plaintiff outlined the blatant disregard for federal law. **See Exhibit 3.1 below.**

**YOUR COMPLAINT**

Numerous laws were broken under the Fair Credit Reporting Act (FCRA) by your company. I have
suffered from advertising inaccurate, incomplete, erroneous, and misleading information that has caused
severe damage to my character, my reputation, my general mode of living, and my ability to obtain
credit for personal and home purposes. You and your inaccurate reporting have destroyed my livelihood.
You have caused my son and me, severe harm due to the negligence and inaccurate advertising on my
consumer report. I am thoroughly exhausted of your bullshit. Between being a single father raising a
disabled four-year-old, maintaining the household through a pandemic with inflation at an all-time high,
I do NOT have the time for your bullshit. You are breaking federal law. On Dec 28, 2021, I mailed out

my first correspondence to you putting you on notice of accounts being advertised on my consumer report, I specifically asked for a method of certification, and I did not consent to Metro 2 Compliance or Automated Dispute System or an Automated reinvestigation System. After thirty (30) days of sending out my first correspondence, I did not hear anything from you, at all, it is my understanding not only is that a federal violation but pursuant to U.S Code 15 § 1681i, you must promptly DELETE that item of information from the file of the consumer, or MODIFY that item of information, as appropriate, based on the results. In 15 U.S. Code § 1681(a)(3), Congress states, "Consumer reporting agencies (YOU) have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." So vital in fact, "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." Not only are you breaking federal law, but you are also undermining the efficiency of the banking system. Furthermore, Congress states, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with FAIRNESS, IMPARTIALITY, and a RESPECT for the consumer's right to privacy." How is this FAIR, IMPARTIAL, and RESPECTFUL to not only my privacy as a consumer but the grave responsibilities you have assumed as a Credit Reporting Agency. This is a direct violation of 15 U.S. Code § 1681. Furthermore, pursuant to 15 U.S. Code § 1681b(f)(e) and 15 U.S. Code § 1681b(a)(2), I have NEVER given my written instruction to neither (You) nor any of the furnishers. It is my understanding you shall not advertise what is on my consumer credit report if put on notice and made aware that the information is inaccurate by a consumer, it is your moral and legal obligation, I demand you correct all details as stated in my written correspondence. The continued report of this information is a clear violation of federal law, 15 U.S. Code Subchapter III, throughout parts. 15 U.S. Code § 1681a(e) The term "investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. During the investigative process, if conducted at all, and following my requests; what neighbors, friends, or associates as stipulated in 15 U.S. Code § 1681a(e); who did you speak to regarding the false information you're advertising on my consumer report? I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you will be liable for your willful non-compliance and damages caused to my livelihood and way of living due to your willful negligence. Ignorance of the law excuses no one. As transcribed in Leviticus 5:17: "If a person sins and does what is forbidden in any of the LORD's commands, even though he does not know it, he is guilty and will be held responsible." These laws have been interwoven, throughout the Roman empire and the United States. See United States v. Freed, 401 U.S. 601 (1971). You will be held liable for your actions. Let me remind you, no one appointed the role you currently have it was assumed. According to Congress, you are nothing more than, "an elaborate mechanism… that performs tasks." Once again, within the required thirty (30) days designated by Congress under the Fair Credit Reporting Act (FCRA) you failed to respond, and I hereby as a consumer, DEMAND all unverified items be DELETED and MODIFIED respectively. I am a litigious consumer and I shall not hesitate to take legal action and sue, yes, you heard me correctly. I will sue you for infringement of my right to privacy and advertising false information on my consumer report. Advertising inaccurate, incomplete, erroneous, and misleading information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and home purposes. You and your inaccurate reporting have destroyed my livelihood. You have caused my son and me, severe harm due to the negligence and inaccurate advertising on my consumer report. I am thoroughly exhausted of your bullshit. Between being a single father raising a disabled four-year-old, maintaining the household through a pandemic with inflation at an all-time high, I do NOT have the time for your bullshit. I will not hesitate to take legal action against you for violation of federal law 15 U.S. Code § 1611, 15 U.S. Code § 1681n, 15 U.S. Code § 1681o among personal damages to my character.

50.     With the complaint through the Consumer Financial Protection Portal, Plaintiff
        reiterated the Fair Credit Reporting Act and the laws that govern consumer reporting
        agencies and mandates and obligations they must follow.

51.     Plaintiff quotes several statues governing consumer reporting agencies like Defendant,
        EQUIFAX INFORMATION SERVICES, LLC., and the consecutive federal laws that
        were broken.

52.     If unable to verify or investigate a consumer dispute within thirty days as stipulated in
        the Fair Credit Reporting Act, all information must either be permanently deleted or
        modified.

53.     Within the initial consumer complaint through the Consumer Financial Protection
        Bureau complaint sent on February 27th, 2022, all previous communication with
        EQUIFAX INFORMATION SERVICES, LLC., was uploaded through PDF files. **See
        Exhibit 3.2 below, for reference Exhibit 1-1.1, 2.1-2.3.**

> **ATTACHMENTS**
> Equifax Dec 28 2021.pdf (1.1 MB)
> Equifax Jan 27 2022.pdf (2.3 MB)
> Equifax Cover Katherine Jan 27 2022.pdf (3 MB)
> Equifax Katherine Jan 27 2022.pdf (2.3 MB)
> Equifax Katherine December 28 2021.pdf (1.1 MB)

54.     Attached among Plaintiffs initial consumer complaint through the Consumer Financial
        Protection Bureau complaint were supporting documentation showing federal law
        negligently and willingly being violated by EQUIFAX INFORMATION SERVICES,
        LLC., **See Exhibit 3.2 above, for reference Exhibit 1-1.1, 2.1-2.3.**

55.     Approximately on March 3rd, 2022, EQUIFAX replied to Plaintiff's initial Consumer
        Financial Protection Bureau complaint. **See Exhibit 3.3 below.**

✅ **Company responded**

**STATUS**
Company responded on 3/3/2022

**RESPONSE TYPE**
Closed with explanation

### Company's Response

Thank you for submitting your complaint through the CFPB Complaint Portal. In your complaint, you indicated that there were inaccurate or incorrect items reporting on your credit file. Please be advised that an investigation with the furnisher of the information has been initiated. When the furnishing company provides their findings, we will send those results to you. We hope this resolves your concerns. If you have any additional questions, you may call 1-888-EQUIFAX (888-378-4329) or you may visit www.myequifax.com. With myEquifax, you can create an account to manage your security freeze, add or remove fraud alerts, and initiate credit file disputes. Additionally you can access free Equifax credit reports and other products.

56. As evidenced in **Exhibit 3.1**, EQUIFAX negligently and willfully disregarded Plaintiff's complaint.

57. EQUIFAX neglected the supporting documentation Plaintiff sent regarding the initial consumer credit profile dispute through the Consumer Financial Protection Bureau.

58. In addition to that, EQUIFAX, through knowledge of federal law governing consumer reporting agencies as it pertains to Defendant, willfully broke the Fair Credit Reporting Act through company response.

59. EQUIFAX INFORMATION SERVICES, LLC., improperly assumes Plaintiff sent a complaint through the Consumer Financial Protection Bureau regarding a new investigation with initial consumer complaint.

60. Plaintiff did not request a new investigation into disputed items but solely reiterated the Fair Credit Reporting Act and the laws that govern the consumer reporting agencies.

61. In Plaintiff's complaint the laws governing consumer reporting agencies, is reiterated and the disputed information contained within the consumer credit profile pursuant to the Fair Credit Reporting Act and thus the lack of investigation conducted by Defendant, all disputed information should either be permanently deleted or modified.

62. In conjunction, it is unlawful and a gross misuse of the Consumer Financial Protection Bureau, through the actions and inactions of EQUIFAX, to promptly close a consumer complaint without addressing concerns.

62. Approximately on March 5th, 2022, Plaintiff sent a second consumer complaint to the

Consumer Financial Protection Bureau (Complaint Number: 220304-8235940)

reiterating the Fair Credit Reporting Act, and initial consumer complaint regarding

Equifax Information Solutions. **See Exhibit 4 below.**



Consumer Financial
Protection Bureau (https://www.consumerfinance.gov/)                    **Start a new complaint**

 All complaints (.)

## 220301-8212514
CLOSED

✔ **Submitted**

STATUS
Submitted to the CFPB on 3/1/2022

63.     Similarly, all previous consumer disputes and correspondence where attached via PDF

files by Plaintiff as seen in **Exhibit 3.2.**

64.     Likewise, the complaint addressed the same issues verbatim that Equifax failed to

properly address consumer complaint. **See Exhibit 4.1 below and Exhibit 3.1 for**

**reference.**

Numerous laws were broken under the Fair Credit Reporting Act (FCRA) by your company. I have
suffered from advertising inaccurate, incomplete, erroneous, and misleading information that has caused
severe damage to my character, my reputation, my general mode of living, and my ability to obtain
credit for personal and home purposes. You and your inaccurate reporting have destroyed my livelihood.
You have caused my son and me, severe harm due to the negligence and inaccurate advertising on my
consumer report. I am thoroughly exhausted of your bullshit. Between being a single father raising a
disabled four-year-old, maintaining the household through a pandemic with inflation at an all-time high,
I do NOT have the time for your bullshit. You are breaking federal law. On Dec 28, 2021, I mailed out

65.     On approximately March 8th, 2022, Equifax Information Solutions replied to the second

consumer complaint through the Consumer Financial Protection Bureau. **See Exhibit**

**4.2 below.**

✅ **Company responded**

**STATUS**

Company responded on 3/3/2022

**RESPONSE TYPE**

Closed with explanation

**Company's Response**

Thank you for submitting your complaint through the CFPB Complaint Portal. In your complaint, you indicated that there were inaccurate or incorrect items reporting on your credit file. Please be advised that an investigation with the furnisher of the information has been initiated. When the furnishing company provides their findings, we will send those results to you. We hope this resolves your concerns. If you have any additional questions, you may call 1-888-EQUIFAX (888-378-4329) or you may visit www.myequifax.com. With myEquifax, you can create an account to manage your security freeze, add or remove fraud alerts, and initiate credit file disputes. Additionally you can access free Equifax credit reports and other products.

66.     Defendant EQUIFAX, INC., assumes Plaintiff asked for an investigation to be

conducted on information contained within the consumer credit report, without

aforementioned information being said in Plaintiff's consumer complaint.

67.     EQUIFAX, INC., willfully continues violating the Fair Credit Reporting Act showing

blatant disregard by parroting the same response without responding to Plaintiff's

consumer complaint.

68.     Approximately on March 12th, 2022, Plaintiff initiated a third consumer complaint

through the Consumer Financial Protection Bureau (Complaint Number220312-

8290386). **See Exhibit 4.3**



cfpb Consumer Financial
Protection Bureau **Start a new complaint**
(https://www.consumerfinance.gov/)

❮ All complaints (.)

## 220312-8290386

**CLOSED**

✅ **Submitted**

**STATUS**

Submitted to the CFPB on 3/12/2022

69.     Within the third consumer complaint through the Consumer Financial Protection

Bureau, Plaintiff reinserts the previous consumer disputes willfully and improperly

closed by EQUIFAX, INC. **See Exhibit 4.4 below.**

**YOUR COMPLAINT**

In relation to CFPB complaints:220301-8212514, 220304-8235771, 220304-8235940. On March 1, 2022, I sent a complaint regarding United States Federal Code being violated by Equifax. Within thirty (30) days, I had not heard a status of investigation or 45 (45) days. Under United States Federal Code, U.S Code 15 § 1681i. This is NOT asking for an investigation with the data furnished or using any Automated Dispute System. You have FAILED to produce any results from the investigation dated back to December 28, 2021, where I promptly put you on notice. I demand you correct all details as stated in my written correspondence as stated by law. If you fail to do so, I will file a complaint with the FTC, Governor of Ohio, and Attorney General and pursue legal counsel. If you close this CFPB complaint I will assume you're unwilling to cooperate with federal law, and if you close the complaint saying you are doing an investigation with the data furnisher, once again I will assume you're unwilling to cooperate with federal law. As stated in U.S Code 15 § 1681i you SHALL by LAW, you SHALL DELETE or MODIFY said disputed items within thirty (30) days, of investigation and you have failed to do so.

70.    Plaintiff reinstates the Fair Credit Reporting Act, and the laws that consumer reporting agencies must adhere by and duties and obligations they must follow.

71.    In addition, Plaintiff states:

   a)   Plaintiff has not demanded a consumer investigation through the Consumer Financial Protection Bureau;

   b)   But has only reinstated the laws governing consumer reporting agencies and the laws they must adhere too

   c)   EQUIFAX, INC., has demonstrated both negligence and noncompliance to conduct a consumer investigation via the initial consumer dispute letter sent on December 28th, 2021;

   d)   EQUIFAX, INC., must delete or modify information contained within the consumer credit report as mandated by the Fair Credit Reporting Act;

   e)   and if EQUIFAX, INC., continues Plaintiff will contact the Governor of Ohio, Attorney General and Federal Trade Commission;

   f)   and if EQUIFAX, INC., non complies by closing the consumer complaint, Plaintiff will take notice as willful noncompliance as the Fair Credit Reporting Act and pursue litigation if necessary.

72.    On approximately March 16th, 2022, EQUIFAX, INC., concluded the consumer investigation.

73.    EQUIFAX, INC., continues replies to Plaintiff parroting previous response. **See**

**Exhibit 4.5.**

✅ **Company responded**

**STATUS**
Company responded on 3/16/2022

**RESPONSE TYPE**
Closed with explanation

**Company's Response**

Thank you for submitting your complaint through the CFPB Complaint Portal. In your complaint, you indicated that there were inaccurate or incorrect items reporting on your credit file. Please be advised that an internal review was completed and results were mailed to you. We hope this resolves your concerns. If you have any additional questions, you may call (888) 836-6351 or you may visit www.myequifax.com. With myEquifax, you can create an account to manage your security freeze, add or remove fraud alerts and initiate credit file disputes. Additionally you can access free Equifax credit reports and other products.

74.     EQUIFAX INFORMATION SERVICES, LLC., improperly concludes Plaintiff sent a complaint through the Consumer Financial Protection Bureau regarding an investigation with third consumer complaint.

75.     Plaintiff did not request a reinvestigation into disputed items but solely reiterated the Fair Credit Reporting Act and the laws that govern the consumer reporting agencies.

76.     In addition, with the Fair Credit Reporting Act, this inaction alone from Defendant, EQUIFAX INFORMATION SERVICES, LLC., is causation for Plaintiffs consumer disputes to be considered and permanently deleted from his consumer credit profile pursuant to the laws that govern consumer reporting agencies.

77.     Approximately on March 25th, 2022, a complaint was filed with the Ohio Attorney General (Complaint Number: 100241) regarding negligent and willful violations of the Fair Credit Reporting Act, by Defendant, EQUIFAX INFORMATION SERVICES, LLC.

78.     Approximately on March 25th, 2022, at 3:06 pm Plaintiff received an email from a representative from the Ohio Attorney General's Office informing Plaintiff that within the next ten business days, a compliant specialist would reach out. **See Exhibit 5.**



79.    Likewise, on March 28th, 2022, at 11:44 am Traci Clark, a consumer complaint specialist working with the Ohio Attorney General replied to Plaintiffs consumer complaint. **See Exhibit 5.1 below.**



80.     Traci Clark, a consumer complaint specialist working with the Ohio Attorney General requested all copies of correspondence with EQUIFAX INFORMATION SERVICES, LLC. **See Exhibit 5.1.**

81.     Approximately on March 29th, 2022, Traci Clark, emails Plaintiff regarding EQUIFAX INFORMATION SERVICES, LLC., response stating, "Equifax has reported that they have sent you the correct copy of your credit report." **See Exhibit 5.2 below.**



82.     Enclosed within the email Traci Clark sent Plaintiff is a response from EQUIFAX INFORMATION SERVICES, LLC. **See Exhibit 5.3 below.**

**EQUIFAX**

March 29, 2022

Traci Clark
Ohio Attorney General
Consumer Complaint Specialist
30 East Broad Street, 14th Floor
Columbus, Ohio 43215

                    **RE: Elijah Whaley, File Number: 1000241**

Dear Traci Clark:

Thank you for your correspondence, dated March 28, 2022, regarding Elijah Whaley. In the complaint, it is indicated there are inaccurate or incomplete items appearing on the Equifax credit report. Please be advised that an investigation with the furnisher of the information was completed and the results were mailed to the consumer.

If there are additional questions or concerns in regards to the updates made to the consumers Equifax Credit Report, email us at  Agency_Complaints@equifax.com.

Sincerely,
Sr. Consumer Relations Specialist

83.     EQUIFAX INFORMATION SERVICES, LLC., replies approximately on March 29th, 2022.

84.     As demonstrated in the response from EQUIFAX INFORMATION SERVICES, LLC., willfully ignores both the constructive and formal notice as well as the letter that was mailed on December 28th, 2022.

85.     EQUIFAX INFORMATION SERVICES, LLC., assumes to conduct a consumer report investigation based of off the inaccurate information contained within Plaintiffs consumer credit profile.

86.     According to a Sr. Consumer Relations Specialist representing Equifax, this consumer investigation was completed in less than a day and the results would be mailed to Plaintiff.

87.     Plaintiff had not yet noticed correspondence from Traci Clark, or sent previous mentioned correspondence detailing the failed investigations and violation of the Fair Credit Reporting Act.

88.     EQUIFAX INFORMATION SERVICES, LLC., through actions and inactions "conducted" a consumer investigation in less than a day as it pertains to the consumer credit report unaware of what information contained within the consumer credit report was both inaccurate, false and misleading.

89.     It can reasonably be assumed, defendant did not conduct a reasonable, equitable investigation as it retains to Plaintiff.

74.     Pursuant to the laws that govern consumer reporting agencies, 15 U.S. Code §1681a(e), an investigative consumer report is conducted by personal interview with neighbors, friends, or associates of the consumer.

75.     EQUIFAX INFORMATION SERVICES, LLC., failed to conduct a reasonable and equitable consumer investigation as it retains to Plaintiff.

90.     EQUIFAX INFORMATION SERVICES, LLC., conducted a consumer investigation only through emitting a dispute to unidentified data furnishers through a click of a button.

91.     Further, EQUIFAX INFORMATION SERVICES, LLC., completed a consumer investigation within a day while both, being unaware of the nature of the consumer

dispute or supporting documentation.

92. EQUIFAX INFORMATION SERVICES, LLC., once more continues the practice of a generating a generic response and parroting data furnishers even though Defendant has been repeatedly sued for failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

93. Approximately on April 4th, 2022, at 8:00 am Plaintiff replied with all consumer disputes mailed and addressed to EQUIFAX INFORMATION SERVICES, LLC., to the initial email Traci Clark sent to Plaintiff. **See Exhibit 5.4 below.**



94. The attached emails included the dispute mailed on December 28th of 2021, January 29th of 2022, and a consumer invoice attached for violations of the Fair Credit Reporting Act. **See Exhibit 1-3 for reference.**

95. Also, approximately on April 4th, 2022 at 8:00 am Plaintiff emails Traci Clark within the separate and second email chain Traci Clark sent to Plaintiff. **See Exhibit 5.5 below.**

> **Elijah Nyles**                 Mon, Apr 4,  AM
> Hello, Traci, I'll need another complaint or something done as Equifax is still breaking federal law and not doing anything.

96. Plaintiff did not receive a reply from the Ohio Attorney General Complaint Specialist, Traci Clark, that following day.

97. Likewise, Plaintiff did not receive a reply from EQUIFAX, INC., after sending an email to the agency's complaint line left within Equifax's response.

98. Approximately on April 5th, 2022, Plaintiff sent a fourth consumer complaint through the Consumer Financial Protection Bureau (Complaint Number: 220405-8454683) regarding EQUIFAX INFORMATION SERVICES, LLC. **See Exhibit 4.6 below.**

**cfpb** Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

**Start a new complaint**

‹ All complaints (.)

# 220405-8454683

CLOSED

✓ **Submitted**

**STATUS**
Submitted to the CFPB on 4/5/2022

99. Plaintiff asks for permissible purpose and the method of validation used before the tradeline was placed on the consumers credit profile, pursuant to 15 U.S. Code § 1681b(2).

100. Contained within the Consumer Financial Protection Bureau complaint, Plaintiff reasserts his consumer rights afforded under the Fair Credit Reporting Act.

101. In addition, Plaintiff reiterated the information being furnished on the consumer credit report was inaccurate and should be removed with accordance with the Fair Credit Reporting Act. **See Exhibit 4.7 below for reference.**

**YOUR COMPLAINT**

I am, Elijah Niles Whaley, a natural-born life breathing consumer submitting this complaint to EXPERIAN INFORMATIONS SOLUTIONS, INC and there is no third party involved. EXPERIAN INFORMATIONS SOLUTIONS, INC has violated 15 U.S. Code § 1681b(2) by furnishing these inaccurate items on my consumer credit report WITHOUT MY WRITTEN INSTRUCTIONS OF I, THE NATURAL-BORN CONSUMER. I DEMAND REMOVAL/DELETION effective immediately and I DEMAND A COPY OF MY WRITTEN INSTRUCTIONS WITH A WET SIGNATURE. These items are inaccurate and different among all three credit reporting agencies. (EXHIBITS PROVIDED) I ALSO, DEMAND EXPERIAN INFORMATIONS SOLUTIONS, INC VERIFICATION METHOD. WITHOUT RECOURSE.

102. Within the second consumer complaint through the Consumer Financial Protection Bureau complaint sent on April 5th, 2022, supporting documentation with EQUIFAX INFORMATION SERVICES, LLC., was uploaded through PDF files. **See Exhibit 4.8 below.**

**ATTACHMENTS**
General Electric EXHIBIT.png (62 KB)

103. Within the file named, "General Electric EXHIBIT.png" Plaintiff demonstrates the

41

failure and inaccuracies with furnishment of information across the three main consumer reporting agencies. **See Exhibit 4.9 below.**

**GENERAL ELECTRIC CREDI**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | -- | 11444**** | 114** |
| High Balance: | -- | $14,313 | $7,602 |
| Last Verified: | -- | -- | -- |
| Date of Last Activity: | -- | 05/01/2020 | 06/01/2020 |
| Date Reported: | -- | 11/30/2020 | 03/01/2022 |
| Date Opened: | -- | 10/01/2019 | 10/01/2019 |
| Balance Owed: | -- | $11,102 | $7,141 |
| Closed Date: | -- | -- | -- |
| Account Rating: | -- | Open | Derogatory |
| Account Description: | -- | Individual | Individual |
| Dispute Status: | -- | Account not disputed | Account disputed |
| Creditor Type: | -- | Credit Unions | Credit Unions |
| Account Status: | -- | Open | Closed |
| Payment Status: | -- | Current | Collection/Chargeoff |
| Creditor Remarks: | -- | -- | Consumer disputes - reinvestigation in progress Charged off account |
| Payment Amount: | -- | $371 | $0 |
| Last Payment: | -- | 11/09/2020 | 06/01/2020 |
| Term Length: | -- | 60 Month(s) | 60 Month(s) |
| Past Due Amount: | -- | $0 | $7,141 |
| Account Type: | -- | Auto Loan | -- |
| Payment Frequency: | -- | -- | -- |
| Credit Limit: | -- | -- | -- |

**Two-Year payment history**

TransUnion          NONE REPORTED

Experian   OK OK OK 60 60 60 60 OK OK OK OK OK OK OK
DEC '19 FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC '20 FEB MAR APR MAY JUN JUL AUG SEP OCT NOV

Equifax  60 90   CO CO CO CO CO CO CO CO CO CO CO CO CO CO
MAR APR MAY JUN JUL AUG SEP OCT NOV DEC '21 FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC '22 FEB

104. Plaintiff submitted supporting documentation showing the inconsistency, and incongruencies with furnishment across the three main consumer reporting agencies.

105. This indicates that an investigation was never conducted as mandated by the Fair Credit Reporting Act.

106. In addition to the information being furnished by EQUIFAX INFORMATION SERVICES, LLC., the information being furnished within the consumer credit report is unilaterally inaccurate and false, for example:

a) High Balance

b) Date of Last Activity

c) Date Reported, Balance Owed

d) Account Rating, Dispute Status

e) Account Status, Payment Status

f)  Creditor Remarks

g)  Payment Amount

h)  Last Payment

i)  Past Due Amount. **See Exhibit 4.9 for reference.**

107.  Notably, EQUIFAX INFORMATION SERVICES, LLC., willfully let inaccuracies persist even when placed on constructive and formal notice with ample documentation supporting Plaintiff.

108.  Due to the inaccuracies in the furnishment of information contained within the consumer credit profile, pursuant to the Fair Credit Reporting all that action in of itself is grounds for permanent deletion or modification.

109.  Approximately on April 11th, 2022, EQUIFAX, INC., concluded the consumer investigation. **See Exhibit 4.10**

✅ **Company responded**

**STATUS**
Company responded on 4/11/2022

**RESPONSE TYPE**
Closed with explanation

**Company's Response**

Thank you for submitting your complaint through the CFPB Complaint Portal. In your complaint, you indicated that there were inaccurate or incorrect items reporting on your credit file. Please be advised that an investigation with the furnisher of the information has been initiated. When the furnishing company provides their findings, we will send those results to you. We hope this resolves your concerns. If you have any additional questions, you may call 1-888-EQUIFAX (888-378-4329) or you may visit www.myequifax.com. With myEquifax, you can create an account to manage your security freeze, add or remove fraud alerts, and initiate credit file disputes. Additionally you can access free Equifax credit reports and other products.

110.  EQUIFAX INFORMATION SERVICES, LLC., improperly assumes Plaintiff sent a complaint through the Consumer Financial Protection Bureau regarding a reinvestigation with initial consumer complaint.

111.  Plaintiff did not request a reinvestigation into disputed items but solely reiterated the Fair Credit Reporting Act and the laws that govern the consumer reporting agencies.

112.  Through the Consumer Financial Protection Bureau EQUIFAX INFORMATION SERVICES, LLC., response to Plaintiff claims will be sending the results from the disputed consumer investigation.

113.    Within thirty (30) days and no later a consumer reporting is mandated to have given the results from the investigation into the disputed information contained within a consumer credit report.

114.    Plaintiff never received the consumer investigative report.

115.    Approximately on April 14th, 2022 at 2:50 am Plaintiff follows up with Traci Clark within the separate and second email chain Traci Clark started regarding Equifax.

116.    Within the follow up email Plaintiff sent Traci Clark supporting documentation was uploaded via PDF files with Plaintiff states, "Here is my response. With a letter dated December 28, 2021." **See Exhibit 5.6 below and Exhibit 1-1.1 for reference.**



117.    With the first uploaded PDF file in rebuttal to EQUIFAX INFORMATION SERVICES, LLC., response Plaintiff states, "I Do not honor your correspondence or the negligence and lies that are spoken in it. But, I will address authority over it." **See Exhibit 5.7**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Equifax
P.O. Box 740256
Atlanta, Georgia 30374-0256

Equifax LLC
Attention: Office of General Counsel
1550 Peachtree Street North East
Atlanta, Georgia 30309

Traci Clark
Consumer Complaint Specialist
Ohio Attorney General

April 12, 2022

Complaint ID: 1000243

This is a direct response to Equifax, received on March 29, 2022. I do not honor your correspondence or the negligence and lies that are spoken in it. But, I will address authority over it.

Equifax is willfully breaking federal law through abusive practices and negligence. In fact, Equifax is continuously under litigation from government agencies for violating federal law, and deceptive and abusive marketing practices. I genuinely find it embarrassing and a lack of upholding the position Equifax assumed in a consumer's credit profile and life, the gross incompetence and negligence demonstrated throughout this communication, click and paste reply, and the non-compliance put forth by Equifax to resolve this issue without pursuing legal action.

On December 28, 2021, I sent correspondence to Equifax regarding details from my consumer credit profile. Under federal law mandated by Congress, pursuant to 15 U.S. Code § 1681i(5)(A), "...any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified (or you are too incompetent to conduct an investigation) in conjunction with 15 U.S. Code § 1681i(5)(A)(i), "promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation..." Please be advised, that Equifax had thirty (30) days to conduct an investigation and five (5) days to let me, the consumer, know the results of the investigation and has failed to do so. Therefore, Equifax is in direct violation of federal law and has willfully demonstrated non-compliance and negligence.

118.    Plaintiff speaks of loss of consumer rights and negligent and willful ignorance of the law by Defendant, EQUIFAX INFORMATION SERVICES, LLC., under the Fair Credit Reporting Act.

119.    Attached to this consumer complaint Plaintiff reiterates EQUIFAX INFORMATION SERVICES, LLC., willful noncompliance to follow mandated laws set upon them by the Fair Credit Reporting Act.

120.    Plaintiff continues asserting the response given is not a reasonable investigation, nor does it address any of the aforementioned notices or concerns Plaintiff demonstrated to EQUIFAX INFORMATION SERVICES, LLC.

121.    Plaintiffs' response continues in the third paragraph, citing the Fair Credit Reporting Act and negligence to conduct a consumer investigation in response to the initial consumer dispute letter addressed and mailed to EQUIFAX INFORMATION SERVICES, LLC., on December 28th, 2022. **See Exhibit 5.8 below and Exhibit 1 for**

**reference.**

> Equifax is willfully breaking federal law through abusive practices and negligence. In fact, Equifax is continuously under litigation from government agencies for violating federal law, and deceptive and abusive marketing practices. I genuinely find it embarrassing and a lack of upholding the position Equifax assumed in a consumer's credit profile and life, the gross incompetence and negligence demonstrated throughout this communication, click and paste reply, and the non-compliance put forth by Equifax to resolve this issue without pursuing legal action.

> On December 28, 2021, I sent correspondence to Equifax regarding details from my consumer credit profile. Under federal law mandated by Congress, pursuant to 15 U.S. Code § 1681i(5)(A), "...any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified (or you are too incompetent to conduct an investigation) in conjunction with 15 U.S. Code § 1681i(5)(A)(i), "promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation..." Please be advised, that Equifax had thirty (30) days to conduct an investigation and five (5) days to let me, the consumer, know the results of the investigation and has failed to do so. Therefore, Equifax is in direct violation of federal law and has willfully demonstrated non-compliance and negligence.

122.    Plaintiff ends the letter speaking of exhausted efforts, sleepless nights, loss of time and financial opportunity while being a single father to a disabled child in the second paragraph **Exhibit 5.9 shown below** and in the third paragraph is mentioned again by Plaintiff.

123.    Lastly, as stated in the letter, Plaintiff, through evidence of EQUIFAX INFORMATION SERVICES, LLC., actions and inactions Defendant has demonstrated willful and blatant disregard of the Fair Credit Reporting Act. **See Exhibit 5.9 below.**

> Under the FCRA (15 U.S. Code § 1681), Congress states, "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." Equifax is effectively damaging not only the banking system but the entirety of the economy, and consumers. Equifax has the obligation to uphold its responsibilities with fairness, impartiality, and respect for the consumer's right to privacy. None of this has happened; see 15 U.S. Code § 1681e(b), "...consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

> Furthermore, Equifax has shown no effort in attempting to take responsibility for its actions throughout this endeavor and has willingly ignored all correspondence in regards to December 28, 2021. I will not call Equifax or initiate a complaint via the portal, only to have my notice ignored once more and substituted by another subject. I have invested time, resources, and sleepless nights studying law and working on my business when I could have been sleeping with my son.

> Equifax does not follow guidelines set by the Fair Credit Reporting Act (FCRA), and any notion of that is utter and complete bullshit. On the record, CFPB (Consumer Financial Protection Bureau) director Rohit Chopra explicitly states, "Equifax" is out of control. This is not my sole opinion, I am thoroughly exhausted by the gross incompetence and disregard of federal law demonstrated by Equifax. I am a single dad with sole responsibility for a disabled four-year-old. I do not have the time to deal with your bullshit. Please be advised, that I am keeping a careful record of our communication. Failure to follow federal law will result in litigation against Equifax.

124.    Plaintiff reiterates his exhaustion with Defendant's incompetence and blatant disregard

for federal law. **See Exhibit 5.9 shown above.**

125.    Plaintiff reiterates again that failure to follow the Fair Credit Reporting Act will result in litigation against Equifax.

126.    On April 14th, 2022 Approximately at 11:59 am Plaintiff follows up with Traci Clark within the separate email chain started by Traci Clark, a Consumer Complaint Specialist for the Governor of Ohio.

127.    Within the email on April 14th, Plaintiff asked Traci Clark, "This is a follow up email to see if you've received the following correspondence" **See Exhibit 5.10 below.**



128.    On approximately April 15th, 2022 at 8:51 am Traci Clark emails Plaintiff regarding Equifax's response stating, "Equifax has requested that you contact them directly regarding your dispute. After you have contacted Equifax directly, we request that you let us know the status of your complaint. If we do not hear from you within 30 days, we will assume your complaint has been resolved." **See Exhibit 5.11 below.**



129.   Under the Fair Credit Reporting Act, a consumer reporting agency must conduct a
       reasonable consumer investigation in relation to the consumer who it pertains to
       regardless of the medium of contact.

130.   EQUIFAX INFORMATION SERVICES, LLC., through automated systems and
       processes conducting consumer investigations as it relates to Plaintiff is having
       egregious difficulty maintaining federal law as a consumer reporting agency.

131.   Enclosed within the email Traci Clark sent Plaintiff is a response from EQUIFAX
       INFORMATION SERVICES, LLC. **See Exhibit 5.12 below.**

*EQUIFAX*

April 15, 2022

Traci Clark
Consumer Protection Section
State of Ohio
30 East Broad Street, 14th Floor
Columbus, Ohio 43215

**RE: Elijah Whaley, File Number: 1000241**

Dear Traci Clark:

Thank you for submitting the complaint, dated **April 14, 2022,** regarding **Elijah Whaley.** In the complaint, it is indicated there are inaccurate or incomplete items appearing on the Equifax credit report. Please be advised that an investigation with the furnisher of the information has been initiated. When the furnishing company provides their findings, we will send those results directly to the consumer.

Equifax is a repository of credit information which has been supplied by creditors, collection agencies and public record holders. As such, we do not collect or maintain copies of contracts between consumers and their creditors. Once a request for verification of a disputed item(s) has been received by Equifax, each data furnisher will be contacted directly by Equifax. This process is usually accomplished by sending the request for verification electronically and may take 30 days to complete. Once researched, the data furnisher's response is returned to Equifax, who enters the information and updates the credit report if needed.

In regards to the consumer's request for supporting documentation, if the consumer needs to obtain documentation or written verification concerning their accounts, the creditor should be contacted directly. If the consumer has questions about the investigation results, please advise them to contact the creditor directly.

If there are additional questions in regards to the matter referenced above, please feel free to email us at Agency_Complaints@equifax.com.

Sincerely,
Equifax
Sr. Consumer Relations Specialist

132.    As demonstrated in the response from EQUIFAX, INC., willfully ignores both the constructive and formal notice as well as the letter that was mailed on December 28th, 2022.

133.    EQUIFAX, INC., assumes to conduct a consumer report investigation based of off the inaccurate information contained within Plaintiffs consumer credit profile.

134.    EQUIFAX, INC., continues the practice of a generating a generic response and parroting data furnishers even though Defendant has been repeatedly sued for failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

135.    According to a Sr. Consumer Relations Specialist representing Equifax, this consumer

investigation and dispute will be sent to the data furnishers.

136.    Equifax's Sr. Consumer Relations Specialist did not include whether any of the supporting documentation would be included within the consumer dispute.

137.    Plaintiff had not yet noticed correspondence from Traci Clark, or sent previous mentioned correspondence detailing the failed investigations and violation of the Fair Credit Reporting Act.

138.    EQUIFAX, INC., through actions and inactions "failed" to conduct a reasonable and equitable consumer investigation.

139.    Further, pursuant to 18 U.S. Code § 1001 et seq, EQUIFAX, INC., knowingly and willingly presented materially false, fictious and fraudulent statements to a Government official of the United States.

140.    An Affidavit of Facts addressed to EQUIFAX LLC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539567).

141.    The notary states and confirms all proper documentation and correspondence, namely the Affidavit was placed in the envelope by Plaintiff in front of them.

142.    It was sent approximately on April 12th, 2022, and accepted approximately on April 18th, 2022, 2:30 pm in Atlanta, Georgia 30309. **See Exhibit 6 below.**



143. Under penalty of perjury Plaintiff stated firsthand knowledge of negligence and willful compliance conducted by EQUIFAX INFORMATION SERVICES, LLC.

144. Within the affidavit presented to EQUIFAX INFORMATION SERVICES, LLC., Plaintiff states, due to EQUIFAX INFORMATION SERVICES, LLC., actions Plaintiff has missed on negotiable terms of consumer and extensions of consumer credit and mental anguish.

145. Within the affidavit addressed and delivered to EQUIFAX INFORMATION SERVICES, LLC., Plaintiff once again reiterated the factual correspondence and violations of the Fair Credit Reporting Act.

146. EQUIFAX INFORMATION SERVICES, LLC., is in commercial dishonor for lack of response to the Affidavit from the date it was delivered.

147. On approximately April 25th, 2022 Plaintiff followed up with Traci Clark, a Consumer Complaint Specialist stating, "... Traci, this is my formal response. I shall not be contacting Equifax directly they do not reply, nor listen and willfully violate federal law." **See Exhibit 5.13 below and Exhibit 5.7-5.9.**

148. Alongside, Plaintiff via PDF uploads the previous



149. Shortly after, Plaintiff via PDF uploaded the first initial consumer dispute letter mailed on December 28th, 2021 to EQUIFAX INFORMATION SERVICES, LLC. **See Exhibit 1 for reference.**

150. On or about May 16th, Plaintiff called the Ohio Attorney General contact number and spoke to Traci Clark.

151. Traci Clark recommended speaking with lawyers and going to small claims court if applicable.

152. There was no further word from EQUIFAX INFORMATION SERVICES, LLC., regarding the complaint through the Ohio Attorney General.

153. A Notice of Default in Commercial Dishonor and Opportunity to Cure addressed to EQUIFAX LLC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539710).

154. It was mailed on May 18th, 2022, and accepted approximately on May 27th, 2022, at 1:51 pm in Atlanta, Georgia 30309. **See Exhibit 6.1 below.**



155. The notary states and confirms all proper documentation and correspondence, namely the Notice of Default in Commercial Dishonor and Opportunity to Cure, was placed in the envelope by Plaintiff in front of them.

156. Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it stated, the whole matter shall be deemed res judicata and stare decisis.

157. Under penalty of perjury Plaintiff stated firsthand knowledge of negligence and willful compliance conducted by EQUIFAX INFORMATION SERVICES, LLC.

158. Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to rebut in the form of an Affidavit, point for point, within thirty-day period is acquiescence as tacit consent and agreement.

159. Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to cure will constitute claims made through tacit procuration pertaining to Affidavit.

160. Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, EQUIFAX INFORMATION SERVICES, LLC., and the general counsel are in default for the failure of non-performance, non-response, and commercial dishonor regarding the Affidavit of Facts that now stands as Truth and Judgment in Commerce.

161. A Final Notice to Cure addressed to EQUIFAX INFORMATION SERVICES, LLC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344543328).

162. A Final Notice to Cure was mailed on approximately on October 6th, 2022.

163. The Final Notice to Cure was accepted approximately on October 13th, 2022, at 2:22 pm in Atlanta, Georgia 30309. **See Exhibit 6.2 below.**



164. The notary states and confirms all proper documentation and correspondence, namely The Final Notice to Cure, was placed in the envelope by Plaintiff in front of them.

165. Within the Final Notice to Cure included, in the situation of a bona fide error, or miscommunication three days exclusive of date delivered to respond.

166. Within the Final Notice to Cure included all recorded correspondence, and Fair Credit Reporting Act violations.

167. In addition, the Final Notice to Cure included an invoice for federal violations of the Fair Credit Reporting Act.

168. The approximate amount of the invoice is $169,000.00 **See Exhibit 7 below.**

**INVOICE - EQUIFAX FEDERAL
VIOLATIONS FINAL NOTICE TO CURE**

## Elijah Whaley

6957 SPRINGFARM COURT

DAYTON

45459

937-814-6386

ElijahNyles@gmail.com

INV0036

**DATE**

Oct 6, 2022

**DUE**

On Receipt

**BALANCE DUE**

USD $169,000.00

**BILL TO**

## Equifax LLC

Assistant General Counsel

1550 Peachtree St NE

NE Atlanta, Georgia

30309

/

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| **Violation of Federal Law 15 U.S. Code § 1681n**<br>Natural consumer is seeking monetary remedy through consumer administrative process for violation of federal law and damages. | $0.00 | 1 | $0.00 |
| **Violation of Federal Law 15 U.S. Code § 1681(b)**<br>Consumer Reporting Agency has not performed assumed role of adopting reasonable, accurate and equitable procedures to the natural consumer. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681b(a)(2)**<br>Natural consumer never gave written instructions for furnishing. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681c(a)(4)**<br>Consumer Reporting Agency falsely places information on consumer credit report. | $1,000.00 | 2 | $2,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681e(b)**<br>Consumer Reporting Agency failed to maintain maximum accuracy of consumer credit report with personal information and three accounts. | $1,000.00 | 3 | $3,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(1)(A)**<br>Consumer Reporting Agency failed to conduct a investigation of the three disputed accounts within federally mandated time frame of 30 days. | $3,000.00 | 9 | $27,000.00 |

On December 28, 2022, Consumer Reporting Agency failed to properly respond

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|

regarding three disputes.

On January 19, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On February 27, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On March 3, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On April 12, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On April 13, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On April 14, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On September 6, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

On August 9, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes.

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(2)(A)** Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | $3,000.00 | 9 | $27,000.00 |

On December 28, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe.

On January 19, 2022. Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe.

On February 27, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe.

On March 3, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe.

On April 12, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe.

On April 13, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe.

6

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| On April 14, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On September 6, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On August 9, 2022, , Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(3)(C)(i)** Consumer Reporting Agency falsely and unlawfully decided not to investigate dispute and did not cite reasons for determination. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(3)(C)(iii)** Consumer Reporting Agency falsely and unlawfully decided not to investigate dispute and did not identify any potential missing information required to investigate. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(5)(A)(i)** Consumer Reporting Agency failed to properly respond to first dispute sent on December 28, 2021 within 30 days because of this Consumer Reporting Agency was mandated by federal law to delete everything in dispute. | $1,000.00 | 8 | $8,000.00 |
| On January 19, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | | | |
| On February 27, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | | | |
| March 3, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | | | |
| March 12, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | | | |
| On April 5, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | | | |
| On April 13, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | | | |
| On August 9, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally | | | |

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| mandated. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(A)** Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. This happened regarding three separate disputes was completed on January 19, 2022. | $3,000.00 | 10 | $30,000.00 |
| On February 27, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| March 3, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| March 12, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 5, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 13, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| On August 9, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 6, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 13, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 22, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(B)(i)** Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. This happened regarding three separate disputes was completed on January 19, 2022. | $3,000.00 | 10 | $30,000.00 |
| On February 27, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |

58

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| March 3, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| March 12, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 5, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 13, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On August 9, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 6, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 13, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 22, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(B)(ii)** Consumer Reporting Agency failed to send a consumer credit report based upon "profile" it is revised as a result of the re-investigation regarding three disputes. | $3,000.00 | 10 | $30,000.00 |
| On January 19, 2022. On February 27, 2022. On March 3, 2022. On March 12, 2022. On April 5, 2022. On April 13, 2022. On August 9, 2022. On September 6, 2022. On September 13, 2022. On September 22, 2022. | | | |

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(B)(iii)** Consumer Reporting Agency failed to give description of and procedure used to determine accuracy. Which department of employees, managers, or neighbors were spoken to pursuant to federal law 15 U.S. Code § 1681a(e). | $1,000.00 | 2 | $2,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(7)** Consumer Reporting Agency failed to give description of and procedure used to determine accuracy. Which department of employees, managers, or neighbors were spoken to pursuant to federal law 15 U.S. Code § 1681a(e), within 15 days of the date consumer demanded in regards to three disputes. | $3,000.00 | 2 | $6,000.00 |
| | SUBTOTAL | | $169,000.00 |
| | TAX (0%) | | $0.00 |
| The natural born consumer is demanding a certified check be mailed to the place of abode and applicable state and federal laws to be followed swiftly with the immediate deletion and payment history reflected on my consumer credit profile. | TOTAL | | $169,000.00 |
| | BALANCE DUE | | **USD $169,000.00** |

169.    EQUIFAX INFORMATION SERVICES, LLC., has not replied to Final Notice to

      Cure.

170.    As a direct and proximate cause of the Defendants negligent and willful failure to

      comply with the Fair Credit Reporting Act, 15 U.S. Code § 1681 et seq., Plaintiff has

      suffered statutory, credit and emotional damages.

171.    Plaintiff's income has suffered a reduction of more than eighty percent compared to last

      year, due to Defendants negligent and willful nature to correct consumer credit report.

      **See Exhibit 8 below.**



**Electronic Filing Instructions for your 2021 Federal Tax Return**
Important: Your taxes are not finished until all required steps are completed.

intuit turbotax.

Elijah N Whaley
#061 Brookdale Ln, Apt. 11
Dayton, OH 45440-3596

| | |
|---|---|
| **Balance Due/ Refund** | Your federal tax return (Form 1040) shows a refund due to you in the amount of $17,227.00. Applicable fees were deducted from your original refund amount of $17,227.00. Your refund is now $17,020.00. Because you chose to have your TurboTax fees deducted from your refund, you will receive e-mail from Green Dot Bank, which handles this transaction. Your tax refund will be direct deposited into your account. The account information you entered - Account Number: 7129877770 Routing Transit Number: 101205681. |
| **When Will You Get Your Refund?** | The IRS issued more than 9 out of 10 refunds to taxpayers in less than 21 days last year. The same results are expected in 2022. To get your estimated refund date from TurboTax, log into My TurboTax at www.turbotax.com. If you do not receive your refund within 21 days, or the amount you get is not what you expected, contact the Internal Revenue Service directly at 1-800-829-4977. You can also check www.irs.gov and select the "Where's my refund?" link. |
| **What You Need to Keep** | Your Electronic Filing Instructions (this form) A copy of your federal return |
| **2021** | Adjusted Gross Income                       $     102,940.00 |

172.    Because of this inaccuracy being reported in Plaintiffs consumer report they have

      missed numerous financial, investment deals, and business funding in excess of

      $250,000.

173.    Pursuant to 15 U.S. Code § 1681a(d), EQUIFAX INFORMATION SERVICES, LLC.,

      has actively defamed Plaintiffs character and general reputation through false and

      misleading furnishment of consumer report.

174.    Due to the Defendants failure to correct the errors in his credit file, Plaintiff has been

      forced to refrain from applying for new credit or more favorable terms on existing

      credit lines.

175.     In addition, due to Defendants negligent and willful failure to comply with the Fair Credit Reporting Act, Plaintiff has suffered an evident and significant loss of income compared to previous year due to the inability to have both consumer and business credit extended due to inaccurate and false furnishment of consumer report.

176.     Plaintiff has also experienced undue stress and anxiety due to Defendants failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants violations of the Fair Credit Reporting Act.

## COUNT I
## DEFAULT SUMMARY JUDGEMENT ESTOPPEL BY SILENCE

177.     Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

178.     There is a valid contract between Mr. Whaley and EQUIFAX INFORMATION SERVICES, LLC., this is evident standing under Article 1, Section 10, Clause 1 of the Constitution.

179.     There is no question of proper dispatch of correspondence, all mail was properly addressed to EQUIFAX INFORMATION SERVICES, LLC.

180.     All postage addressed to and accepted by EQUIFAX INFORMATION SERVICES, LLC., followed deposited acceptance rule.

181.     An Affidavit of Facts addressed to EQUIFAX INFORMATION SERVICES, LLC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539567).

182.     It was sent approximately on April 12th, 2022, and accepted approximately on April 18th, 2022, 2:30 pm in Atlanta, Georgia 30324.

183.     Under penalty of perjury Plaintiff stated firsthand knowledge of negligence and willful noncompliance conducted by EQUIFAX INFORMATION SERVICES, LLC.

184.     Within the affidavit presented to EQUIFAX INFORMATION SERVICES, LLC.,

Plaintiff states, due to EQUIFAX INFORMATION SERVICES, LLC., actions they have missed negotiable terms of consumer credit, extensions of consumer credit, business opportunities and mental anguish.

185. Within the affidavit addressed and delivered to EQUIFAX INFORMATION SERVICES, LLC., Plaintiff once again reiterated the previous factual correspondence, failure to conduct consumer investigations, and violations of the Fair Credit Reporting Act.

186. EQUIFAX INFORMATION SERVICES, LLC., was placed on constructive and formal notice pursuant to 15 U.S. Code § 1681i et seq, and Uniform Commercial Code § 1-202. Notice; Knowledge.

187. EQUIFAX INFORMATION SERVICES, LLC., is in commercial dishonor for lack of response to the Affidavit.

188. However, narrow the situation, as found in common law, Restatement (Second) of Contracts, or Brian Blum's Textbook "Contracts: Examples & Explanations", Fourth Edition, page 74, "When there is a duty to speak or respond, silence or inaction can be deemed as acceptance, only in those narrow circumstances when there is a duty to speak or respond."

189. As EQUIFAX INFORMATION SERVICES, LLC., is a nationwide consumer reporting agency governed by the Fair Credit Reporting Act, they have mandated duties and obligations to respond to consumer disputes set upon them by Congress for assuming said role.

190. The second consumer dispute, Plaintiff placed EQUIFAX INFORMATION SERVICES, LLC., on constructive and formal notice for furnishment of misleading information pursuant to pursuant to 15 U.S. Code § 1681i et seq, and Uniform Commercial Code § 1-202. Notice; Knowledge.

191. A Notice of Default in Commercial Dishonor and Opportunity to Cure addressed to EQUIFAX INFORMATION SERVICES, LLC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539710) pursuant to Uniform Commercial Code § 3-501. PRESENTMENT.

192. It was mailed on May 18th, 2022, and accepted approximately on May 27th, 2022, 1:51

pm in Atlanta, Georgia 30309.

193.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it stated, the whole matter shall be deemed res judicata and stare decisis.

194.    Under penalty of perjury Plaintiff stated firsthand knowledge of negligence and willful noncompliance conducted by EQUIFAX INFORMATION SERVICES, LLC.

195.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to rebut in the form of an Affidavit, point for point, within thirty-day period is acquiescence as tacit consent and agreement.

196.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to cure will constitute claims made through tacit procuration pertaining to Affidavit.

197.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, EQUIFAX INFORMATION SERVICES, LLC., and the general counsel are in default for the failure of non-performance, nonresponse, and commercial dishonor regarding the Affidavit of Facts that now stands as Truth and Judgment in Commerce.

198.    EQUIFAX INFORMATION SERVICES, LLC., willfully failed to respond to both the constructive notice and opportunity to cure pursuant to Uniform Commercial Code § 3-502. DISHONOR.

199.    A Final Notice to Cure addressed to EQUIFAX INFORMATION SERVICES, LLC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344543238).

200.    A Final Notice to Cure was mailed on approximately on October 6th, 2022.

201.    The Final Notice to Cure was accepted approximately on October 13th, 2022, at 2:22 pm in Atlanta, Georgia 30309.

202.    Within the Final Notice to Cure included, Mr. Whaley included in the situation of a bona fide error, or miscommunication three days exclusive of date delivered to respond.

203.    Within the Final Notice to Cure included all recorded correspondence, and Fair Credit Reporting Act violations.

204.    In addition, the Final Notice to Cure included an invoice for federal violations of the Fair Credit Reporting Act.

205.    The approximate amount of the invoice is $169,000.00.

206.    The notary states under penalty of perjury, there has been no correspondence from EQUIFAX INFORMATION SERVICES, LLC.

207.    This is evident dishonor on EQUIFAX INFORMATION SERVICES, LLC's behalf pursuant to Uniform Commercial Code § 3-505. EVIDENCE OF DISHONOR.

208.    Through multiple points of correspondence pursuant to 15 U.S. Code 1681i et seq, Uniform Commercial Code § 1-202. Notice; Knowledge., § 3-502. DISHONOR., § 3-505. EVIDENCE OF DISHONOR. EQUIFAX INFORMATION SERVICES, LLC., had an obligation to respond.

209.    There were opportunities to rebut, speak, and in addition there was both a duty and obligation to do so from EQUIFAX INFORMATION SERVICES, LLC., and respond to Mr. Whaley who has acted in good faith while trying to resolve this matter through the constructive notice, Affidavit of Facts, Presentment, Dishonor and numerous Opportunities to Cure. All which EQUIFAX INFORMATION SERVICES, LLC., willingly failed to do which has resulted in an Estoppel by Silence.

210.    There is no genuine issue of material fact present and Mr. Whaley is entitled to summary judgement as a matter of law.

        **WHEREFOR PLAINTIFF PRAYS,** and respectfully requests this Honorable Court grant a default summary judgement in Plaintiffs favor on all issues applicable and award monetary relief in the approximate amount of $169,000.00.

## COUNT II
## DEFAMATION OF CHARACTER BY EQUIFAX INFORMATION SERVICES, LLC.

211.    Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

64

212.     In enacting the Fair Credit Reporting Act, Congress made several findings, including that consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit information and other consumer information and "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S. Code § 1681(a)(4) (emphasis added).

213.     Under 15 U.S. Code §1681a(f), a "consumer reporting agency" includes any person which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

214.     As an individual, Mr. Whaley is a consumer entitled to the protections of the Fair Credit Reporting Act and the protections offered therein.

215.     Defendant EQUIFAX INFORMATION SERVICES, LLC., has prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Whaley as that term is defined in 15 U.S. Code § 1681a et seq.

216.     The information being furnished by EQUIFAX INFORMATION SERVICES, LLC., within the consumer credit report implies Mr. Whaley is a substantial risk to financial institutions or those who are in the business of extending credit to consumers.

217.     Such reports contained information about Mr. Whaley that is false, misleading, and inaccurate.

218.     As a consumer reporting agency, Defendant's actions or inactions that allowed for the false furnishment of consumer credit reports also violate its duties and obligations as a credit reporting agency under the Fair Credit Reporting Act. Defendant's actions or inactions that allowed for inaccurate credit entries to be included on EQUIFAX INFORMATION SERVICES, LLC., consumer credit reports also violate its duties and obligations as a credit reporting agency under the Fair Credit Reporting Act. Defendant's conduct when furnishing credit reports to businesses about Mr. Whaley when EQUIFAX INFORMATION SERVICES, LLC., had no reasonable belief that the

reports would be provided for a permissible purpose also violates its duties and obligations under the Fair Credit Reporting Act.

219.     Due to the Defendant's willful ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishment of consumer credit reporting, and has been forced to refrain from further applications.

220.     The acts of inaccurate information actively being furnished by EQUIFAX INFORMATION SERVICES, LLC., has caused third parties to deter us from associating or dealing with him.

221.     EQUIFAX INFORMATION SERVICES, LLC., has actively defamed Mr. Whaley's character and general reputation of Mr. Whaley pursuant to 15 U.S. Code § 1681(a)(2).

222.     EQUIFAX INFORMATION SERVICES, LLC., continued to furnish and report inaccurate information after being placed on constructive and formal notice of inaccuracies and the federal laws that govern consumer reporting agencies, which they must adhere to.

223.     The Fair Credit Reporting Act requires EQUIFAX INFORMATION SERVICES, LLC., as a consumer reporting agency, to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S. Code § 1681e(a).

224.     EQUIFAX INFORMATION SERVICES, LLC., failed to maintain reasonable procedures designed insure the maximum possible accuracy of the information concerning of the information concerning the consumer credit reports, due to willfully, intentionally, recklessly, negligently, and knowingly furnishing false information, Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Pursuant to 15 U.S. Code § 1681e(b).

225.     EQUIFAX INFORMATION SERVICES, LLC., failed to conduct *any* independent investigation, but instead relied entirely on the data furnisher to verify the tradeline, when EQUIFAX INFORMATION SERVICES, LLC, could have done *something* with the information Mr. Whaley provided.

226.    In addition to running afoul of the Fair Credit Reporting Acts accuracy provisions, because EQUIFAX INFORMATION SERVICES, LLC., uses insufficient methods of verification through automated means and negligently and willfully disregards Mr. Whaley's consumer complaints and disputes, EQUIFAX INFORMATION SERVICES, LLC., improperly relied on its these procedures, which were patently unreasonable, and thus had no reason to believe that all of the information it included its consumer credit report was reasonably and equitably accurate.

227.    EQUIFAX INFORMATION SERVICES, LLC., continues the practice of parroting the response from data furnishers even though Defendant has been repeatedly sued for failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

228.    As alleged in detail herein, both EQUIFAX INFORMATION SERVICES, LLC's independent verification practices and procedures are so severely deficient or nonexistent, despite its knowledge of the Fair Credit Reporting and its knowledge that the information contained within EQUIFAX INFORMATION SERVICES, LLC's systems and EQUIFAX INFORMATION SERVICES, LLC., consumer account relating to Mr. Whaley was false, EQUIFAX INFORMATION SERVICES, LLC., in fact voluntarily and for all practical purposes knowingly offered, provided, and furnished this inaccurate information and subsequently profited from the results.

229.    EQUIFAX INFORMATION SERVICES, LLC., has not adopted reasonable procedures that are fair and equitable, to Mr. Whaley, regarding the confidentiality, accuracy and relevancy pursuant to 15 U.S. Code § 1681(b), and have negligently through lack of procedures has with gross incompetence violated Mr. Whaley's consumer rights pertaining to the Fair Credit Reporting Act.

230.    EQUIFAX INFORMATION SERVICES, LLC., has negligently and willfully refused to follow federal law mandating reasonable procedures for consumer disputes pursuant to 15 U.S. Code § 1681i et seq.

231.    EQUIFAX INFORMATION SERVICES, LLC., negligently and in conjunction, willfully failed to review all relevant information available to them in conducting investigations as required by and provided by EQUIFAX INFORMATION SERVICES, LLC., in conducting its reinvestigation as required by 15 U.S. Code § 1681i et seq.

232.    EQUIFAX INFORMATION SERVICES, LLC., refused to delete or modify Mr.
        Whaley's information contained on his consumer credit report after placed on
        constructive and formal notice the information was misleading and false.

233.    As a direct and proximate cause of EQUIFAX INFORMATION SERVICES, LLC.,
        negligent and willful failure to perform its duties under the Fair Credit Reporting Act,
        Mr. Whaley has suffered damages, mental anguish, suffering, humiliation and
        embarrassment to his character and mode of living.

234.    Due to the Defendants failure to correct the errors in his credit file, Mr. Whaley has
        been forced to refrain from applying for new credit or more favorable terms on existing
        credit lines.

235.    Mr. Whaley has also experienced undue stress and anxiety due to Defendants failure to
        correct the errors in his credit file or improve his financial situation by obtaining new or
        more favorable credit terms as a result of the Defendants violations of the Fair Credit
        Reporting Act.

236.    EQUIFAX INFORMATION SERVICES, LLC., is liable to Mr. Whaley by reason of
        its violations of the Fair Credit Reporting Act in an amount to be determined by the trier
        fact together with applicable and reasonable attorneys' fees pursuant to 15 U.S. Code §
        1681o.

237.    Mr. Whaley has a private right of action to assert claims against EQUIFAX
        INFORMATION SERVICES, LLC., arising under 15 U.S. Code § 1681o.

238.    By furnishing these false statements, EQUIFAX INFORMATION SERVICES, LLC.,
        caused harm to Mr. Whaley's general mode of living and reputation.

239.    The substantial danger of injury to Mr. Whaley's reputation from EQUIFAX
        INFORMATION SERVICES, LLC., false statements is readily apparent. Such
        inaccuracies in the furnishing of information are readily apparent. Such furnishment of
        inaccurate information contained within the consumer credit report would tend to harm
        the reputation of another as prevalent in in Pedro v. Equifax, Inc., 868 F.3d 1275, 1279–
        80 (11th Cit. 2017), the court held that false credit reporting itself is a concrete injury,
        reasoning that the harm bears a close relationship to that of the tort of defamation under
        Article III of the constitution.

240. Due to the Defendant's ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishing of consumer credit reporting, and has been forced to refrain from further applications.

241. EQUIFAX INFORMATION SERVICES, LLC., refused to delete or modify Mr. Whaley's information contained on his consumer credit report after placed on constructive and formal notice the information was misleading and false.

242. At the time of information actively being furnished EQUIFAX INFORMATION SERVICES, LLC., knew the information contained within the consumer credit profile of Mr. Whaley was false.

243. Defendant's above-described wrongful actions, inaction and omissions, and want of ordinary care, in turn, directly and proximately caused no discernable investigation of Mr. Whaley's consumer credit report, in turn, directly and proximately resulted in the wrongful dissemination of Mr. Whaley's consumer credit report and inaccurate credit entries onto those reports.

244. Defendant's above-described wrongful actions, inaction and omissions, and want of ordinary care, in turn, directly and proximately caused no discernable investigation of Mr. Whaley's consumer credit report, in turn, directly and proximately directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the willful and knowing violation of the Fair Credit Reporting Act.

245. In addition, EQUIFAX INFORMATION SERVICES, LLC's failure to comply with the foregoing requirements was willful because EQUIFAX INFORMATION SERVICES, LLC., knew or should have known, but recklessly disregarded, that its consumer complaint investigations, method of verification, reasonable timely responses, and measures were inadequate and unreasonable and additional steps were necessary to protect the rights of consumers and Mr. Whaley. The willful and reckless nature of EQUIFAX INFORMATION SERVICES, LLC's violations is supported by, among other things, its knowledge that its consumer complaint investigations procedures fall short of their peer consumer reporting agencies, the documented instances in which EQUIFAX INFORMATION SERVICES, LLC., was informed of the investigational

failures by the Consumer Financial Protection Bureau, EQUIFAX INFORMATION

SERVICES, LLC's numerous other insufficiencies in the past, and EQUIFAX

INFORMATION SERVICES, LLC's knowledge of similar consumer dispute

verification issues that remained unresolved and insufficient.

246.     EQUIFAX INFORMATION SERVICES, LLC., false furnishing of information are

libel per se because they impute to Mr. Whaley the commission of an irresponsible

nature involving moral turpitude for which Mr. Whaley is not. Anyone who knows Mr.

Whaley firsthand understands he is a financially responsible and a loving single dad.

Pursuant to 15 U.S. Code § 1681a(e), if EQUIFAX INFORMATION SERVICES,

LLC., took fair, equitable steps to ensure the utmost accuracy as mandated when

verifying information on consumer reports from both neighbors, friends and associates

could attest firsthand. Moreover, EQUIFAX INFORMATION SERVICES, LLC., false

statements of furnishment on the consumer credit profile prejudice Mr. Whaley in his

profession and business as an entrepreneur. Mr. Whaley therefore is entitled to

presumed damages.

247.     As a direct and proximate result of these false furnishment of information by

EQUIFAX INFORMATION SERVICES, LLC., Mr. Whaley has suffered damages,

including inter alia, injury to his reputation, harm to the ability to carry on in his

profession, embarrassment, humiliation, and emotional distress, in an amount to be

determined at trial.

248.     EQUIFAX INFORMATION SERVICES, LLC., actions were malicious, willful and

wanton, and evidence a conscious disregard for Mr. Whaley's rights. Accordingly,

punitive damages are appropriate.


**WHEREFORE, PLAINTIFF PRAYS** and respectfully asks that this Honorable Court enter an

award in Plaintiff's favor and against Defendant, as follows:

1.       Awarding Mr. Whaley compensatory damages of not less than $500,000.00 or

in such additional amount to be proven at trial;

2.       Awarding Mr. Whaley punitive damages to the maximum extent permitted by

the laws of this Honorable Court, but not less than $200,000.00;

3.       Awarding Mr. Whaley all of his expenses and costs, including any applicable

attorneys' fees; and

4.     Granting such other and further relief as the Court deems appropriate.


# COUNT III
## NEGLIGENCE VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX INFORMATION SERVICES, LLC.


249.    Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional

allegations and general factual allegations.

250.    In the alternative, by their above-described wrongful actions, inaction and omissions,

want of ordinary care, and the resulting consumer dispute investigational failures,

Defendant negligently or in a grossly negligent manner violated the Fair Credit

Reporting Act by failing to identify, implement, maintain and monitor the proper

consumer investigation or verification within a timely manner or at all, and data

security measures, policies, procedures, protocols, and software and hardware systems

to have maximum accuracy reporting Mr. Whaley's consumer credit report.

251.    In enacting the Fair Credit Reporting Act, Congress made several findings, including

that consumer reporting agencies have assumed a vital role in assembling and

evaluating consumer credit information and other consumer information and "[t]here is

a need to insure that consumer reporting agencies exercise their grave responsibilities

with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.

Code § 1681(a)(4) (emphasis added).

252.    Defendant EQUIFAX INFORMATION SERVICES, LLC., prepared, compiled, issued,

assembled, transferred, published, and otherwise reproduced consumer reports

regarding Mr. Whaley as that term is defined in 15 U.S. Code § 1681a et seq.

253.    It was reasonably foreseeable to Defendant, that its failure to identify, implement,

respond timely and reasonably, conduct proper and reasonable investigations into Mr.

Whaley's consumer disputes and have proper verification measures, policies,

procedures, protocols, and software and hardware systems to have maximum accuracy

reporting Mr. Whaley's consumer credit report, whereby Mr. Whaley's consumer credit

report would contain misleading information, thereby compromising the maximum accuracy, reputation, and undermine the banking system and economy as stated in 15 U.S. Code § 1681.

254. Under 15 U.S. Code §1681a(f), a "consumer reporting agency" includes any person which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

255. As an individual, Mr. Whaley is a consumer entitled to the protections of the Fair Credit Reporting Act and the protections offered herein.

256. The information being furnished by EQUIFAX INFORMATION SERVICES, LLC., within the consumer credit report implies Mr. Whaley is a risk to financial institutions or those who are in the business of extending credit to consumers.

271. Such reports contained information about Mr. Whaley that is false, misleading, and inaccurate.

272. EQUIFAX INFORMATION SERVICES, LLC., negligently failed to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Whaley, in violation of 15 U.S.C. § 1681e(b).

273. Once Mr. Whaley, mailed the initial consumer dispute to EQUIFAX INFORMATION SERVICES, LLC., Defendant both negligently through gross maintenance and procedures failed to investigate said consumer dispute as mandated under the Fair Credit Reporting Act, pursuant to 15 U.S. Code § 1681i(a)(1)(A). Likewise, EQUIFAX INFORMATION SERVICES, LLC., failed to properly both send notice to data furnishers and proper disclosures along with consumer credit report in relation to 15 U.S. Code § 1681i(a)(2)(A), U.S. Code § 1681i(B) et seq., 15 U.S. Code § 1681i(6)(A), et seq.

274. After Mr. Whaley failed to receive consumer investigational results, Mr. Whaley contacted the Consumer Financial Protection regarding to EQUIFAX INFORMATION

SERVICES, LLC's numerous failures and procedures in place such as grossly exceeding the lawfully time placed on consumer reporting agencies to complete a consumer investigation within thirty (30) days.

275.  In conjunction, during this allotted consumer investigational time period EQUIFAX INFORMATION SERVICES, LLC., failed to conduct consumer investigations or complete consumer investigation with the upmost accuracy and reasonable procedures equitable to the consumer to whom it pertains, as mandated in the Fair Credit Reporting Act. Likewise, EQUIFAX INFORMATION SERVICES, LLC., must either permanently delete or modify the information within the consumer credit report based on the results of the consumer investigation contained within the consumer credit report. If information contained within the consumer credit report is found to be inaccurate or incomplete or cannot be verified within thirty (30) days pursuant to the Fair Credit Reporting Act, 15 U.S. Code 1681i(5) et seq., EQUIFAX INFORMATION SERVICES, LLC., is mandated under the Fair Credit Reporting Act to delete the information contained within the consumer credit report.

276.  EQUIFAX INFORMATION SERVICES, LLC., with gross procedures has negligently violated 15 U.S. Code § 1681i(a), by failing to delete inaccurate information from the credit file of Mr. Whaley after receiving constructive and formal notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures in place with accordance with the Fair Credit Reporting Act in which to EQUIFAX INFORMATION SERVICES, LLC., must verify the disputed information in the consumer credit file of the Mr. Whaley. EQUIFAX INFORMATION SERVICES, LLC., failed to either delete or modify the information contained within the consumer credit report.

277.  EQUIFAX INFORMATION SERVICES, LLC., has negligently failed to comply with the Fair Credit Reporting Act. The failure of EQUIFAX INFORMATION SERVICES, LLC., to comply with the Fair Credit Reporting Act includes but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous information on the consumer credit report after receiving constructive and formal notice from Mr. Whaley after failure to conduct a consumer investigation demanded by Mr. Whaley;

c) The failure to remove and correct the inaccuracy and derogatory credit information after failure to conduct a consumer investigation on multiple counts pursuant to 15 U.S. Code § 1681i et seq;

d) The continual failure to promptly, reasonably to conduct a consumer dispute investigation within thirty days.

e) The failure to promptly and adequately investigate information which Defendant EQUIFAX INFORMATION SERVICES, LLC., had constructive and formal notice was inaccurate;

f) The failure to note in the consumer credit report that the Mr. Whaley disputed the accuracy of the information;

g) EQUIFAX INFORMATION SERVICES, LLC., failure to promptly delete information that was found to be inaccurate, or could not be verified, pursuant to 15 U.S. Code § 1681i(5) et seq;

h) The failure to take adequate steps to verify information EQUIFAX INFORMATION SERVICES, LLC., had reason to believe was inaccurate before including it in the consumer credit report of the consumer.

278.     The substantial danger of injury to Mr. Whaley's reputation from EQUIFAX INFORMATION SERVICES, LLC., false statements is readily apparent. Such inaccuracies in the furnishing of information are readily apparent. Such furnishment of inaccurate information contained within the consumer credit report would tend to harm the reputation of another as prevalent in in Pedro v. Equifax, Inc., 868 F.3d 1275, 1279–80 (11th Cit. 2017), the court held that false credit reporting itself is a concrete injury, reasoning that the harm bears a close relationship to that of the tort of defamation under Article III of the constitution.

279.     Due to the Defendant's ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishment of consumer credit reporting, and has been forced to refrain from further applications.

280. Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care, and the resulting consumer dispute investigational failures, directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the negligent violation of Fair Credit Reporting Act. Had Defendant not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, Mr. Whaley would not have suffered these injuries, would have been properly protected by the Fair Credit Reporting Act, and his consumer credit report would not have been furnishing inaccurate and misleading information. Mr. Whaley, therefore, is entitled to injunctive relief, and compensation for his economic damages, and other actual injury and harm in the form of, inter alia, (i) his lost time and resources trying to resolve this matter, (ii) the numerous missed financial and investment opportunities, (iii) the financial and temporal cost of monitoring his credit, monitoring their financial accounts, and mitigating his damages.

281. As a direct and proximate cause of EQUIFAX INFORMATION SERVICES, LLC., negligent failure to perform its duties under the Fair Credit Reporting Act, Mr. Whaley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

282. Mr. Whaley seeks to recover Fair Credit Report Act statutory damages to the fullest extent allowable by law.

**WHEREFORE, PLAINTIFF PRAYS** and respectfully asks that this Honorable Court enter an award in Plaintiff's favor and against Defendant, as follows:

1. Awarding Mr. Whaley statutory damages of not less than $10,000.00 or in such additional amount;

2. Awarding Mr. Whaley punitive damages to the maximum extent permitted by the laws of this Honorable Court, but not less than $25,000.00;

3. Awarding Mr. Whaley all of his expenses and costs, including applicable attorneys' fees; and

4. Granting such other and further relief as the Court deems appropriate.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX INFORMATION SERVICES, LLC.

290. Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

291. In the alternative, by their above-described wrongful actions, inaction and omissions, want of ordinary care, and the resulting consumer dispute investigational failures, Defendant willfully or in a grossly willful manner violated the Fair Credit Reporting Act by failing to identify, implement, maintain and monitor the proper consumer investigation or verification within a timely manner or at all, and data security measures, policies, procedures, protocols, and software and hardware systems to have maximum accuracy reporting Mr. Whaley's consumer credit report.

292. In enacting the Fair Credit Reporting Act, Congress made several findings, including that consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit information and other consumer information and "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S. Code § 1681a(a)(4) (emphasis added).

293. Under 15 U.S. Code §1681a(f), a "consumer reporting agency" includes any person which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

294. As an individual, Mr. Whaley is a consumer entitled to the protections of the Fair Credit Reporting Act and the protections offered therein.

295. It was reasonably foreseeable to Defendant, that its failure to identify, implement, respond timely and reasonably, conduct proper and reasonable investigations into Mr. Whaley's consumer disputes and have proper verification measures, policies, procedures, protocols, and software and hardware systems to have maximum accuracy reporting Mr.

Whaley's consumer credit report, whereby Mr. Whaley's consumer credit report would contain misleading information, thereby compromising the maximum accuracy, reputation, and undermine the banking system and economy as stated in 15 U.S. Code § 1681.

296. Defendant EQUIFAX INFORMATION SERVICES, LLC., has prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Whaley as that term is defined in 15 U.S. Code § 1681a et seq.

297. Due to the Defendant's willful ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishment of consumer credit reporting, and has been forced to refrain from further applications.

298. EQUIFAX INFORMATION SERVICES, LLC., continued to furnish and report inaccurate information after being placed on constructive and formal notice of inaccuracies and the federal laws that govern consumer reporting agencies, which they must adhere to.

299. The Fair Credit Reporting Act requires EQUIFAX INFORMATION SERVICES, LLC., as a consumer reporting agency, to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S. Code § 1681e(a).

300. EQUIFAX INFORMATION SERVICES, LLC., failed to maintain reasonable procedures designed insure the maximum possible accuracy of the information concerning of the information concerning the consumer credit reports, due to willfully, intentionally, recklessly, negligently, and knowingly furnishing false information, Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Pursuant to 15 U.S. Code § 1681e(b).

301. EQUIFAX INFORMATION SERVICES, LLC., failed to conduct *any* independent investigation, but instead relied entirely on the data furnisher to verify the tradeline, when EQUIFAX INFORMATION SERVICES, LLC., could have done *something* with the information Mr. Whaley provided. Instead, EQUIFAX INFORMATION SERVICES,

LLC., continues the practice of parroting the response from data furnishers even though Defendant has been repeatedly sued for failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

302. In addition to running afoul of the Fair Credit Reporting Acts accuracy provisions, because EQUIFAX INFORMATION SERVICES, LLC., uses insufficient methods of verification through automated means and negligently and willfully disregards Mr. Whaley's consumer complaints and disputes, EQUIFAX INFORMATION SERVICES, LLC., improperly relied on its these procedures, which were patently unreasonable, and thus had no reason to believe that all of the information it included its consumer credit report was reasonably and equitably accurate.

303. As alleged in detail herein, both EQUIFAX INFORMATION SERVICES, LLC's independent verification practices and procedures are so severely deficient or nonexistent, despite its knowledge of the Fair Credit Reporting and its knowledge that the information contained within EQUIFAX INFORMATION SERVICES, LLC's systems and EQUIFAX INFORMATION SERVICES, LLC., consumer account relating to Mr. Whaley was false, EQUIFAX INFORMATION SERVICES, LLC., in fact voluntarily and for all practical purposes knowingly offered, provided, and furnished this inaccurate information and subsequently profited from the results.

304. By their above-described wrongful actions, inaction and omissions, want of ordinary care, and the resulting consumer dispute investigational failures, Defendant willfully or in a grossly willful manner violated the Fair Credit Reporting Act by failing to identify, implement, maintain and monitor the proper consumer dispute and investigation or verification within a timely manner or at all, and data security measures, policies, procedures, protocols, and software and hardware systems to have maximum accuracy reporting Mr. Whaley's consumer credit report.

305. Once Mr. Whaley, mailed multiple consumer disputes to EQUIFAX INFORMATION SERVICES, LLC., Defendant willfully through previous knowledge, gross maintenance and procedures failed to investigate said consumer dispute multiple times as mandated under the Fair Credit Reporting Act, pursuant to 15 U.S. Code § 1681i(a)(1)(A). Likewise, EQUIFAX INFORMATION SERVICES, LLC., failed to properly both send notice to data furnishers and proper disclosures along with consumer credit report in

relation to 15 U.S. Code § 1681i(a)(2)(A), U.S. Code § 1681i(B) et seq., 15 U.S. Code § 1681i(6)(A), et seq.

306. After Mr. Whaley failed to receive consumer investigational results, Mr. Whaley contacted the Consumer Financial Protection Bureau and respective Attorney General regarding to EQUIFAX INFORMATION SERVICES, LLC.,'s numerous failures and procedures in place such as grossly exceeding the lawfully time placed on consumer reporting agencies to complete a consumer investigation within thirty (30) days. EQUIFAX INFORMATION SERVICES, LLC.,. demonstrated willful and blatant disregard for consumer rights protected under the Fair Credit Reporting Act and the duties and obligations imposed onto consumer reporting agencies. Notably on multiple occasions Mr. Whaley would reiterate previous consumer dispute letters mailed to EQUIFAX INFORMATION SERVICES, LLC., and the incompetence to complete a consumer investigation, and delete or modify the information contained within the consumer credit report as evidenced in Defendants above mentioned noncompliance.

307. In conjunction, during this allotted consumer investigational time period EQUIFAX INFORMATION SERVICES, LLC., failed to conduct consumer investigations or complete consumer investigation with the upmost accuracy and reasonable procedures equitable to the consumer to whom it pertains, as mandated in the Fair Credit Reporting Act. Likewise, EQUIFAX INFORMATION SERVICES, LLC., must either permanently delete or modify the information within the consumer credit report based on the results of the consumer investigation contained within the consumer credit report. If information contained within the consumer credit report is found to be inaccurate or incomplete or cannot be verified within thirty (30) days pursuant to the Fair Credit Reporting Act, 15 U.S. Code 1681i(5) et seq., EQUIFAX INFORMATION SERVICES, LLC., is mandated under the Fair Credit Reporting Act to delete the information contained within the consumer credit report.

308. EQUIFAX INFORMATION SERVICES, LLC., with gross procedures has negligently violated 15 U.S. Code § 1681i(a), by failing to delete inaccurate information from the credit file of Mr. Whaley after receiving constructive and formal notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures in place with accordance with the Fair Credit Reporting Act in which to

EQUIFAX INFORMATION SERVICES, LLC., must verify the disputed information in the consumer credit file of the Mr. Whaley. EQUIFAX INFORMATION SERVICES, LLC.,. failed to either delete or modify the information contained within the consumer credit report.

309. As evidenced herein, EQUIFAX INFORMATION SERVICES, LLC., has willfully and blatantly failed to comply with the Fair Credit Reporting Act. The failure of EQUIFAX INFORMATION SERVICES, LLC., to comply with the Fair Credit Reporting Act includes but are not necessarily limited to the following:

i) The continuous failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

j) The failure to correct erroneous information on the consumer credit report after receiving constructive and formal notice from Mr. Whaley after failure to conduct a consumer investigation demanded by Mr. Whaley;

k) The failure to remove and correct the inaccuracy and derogatory credit information after failure to conduct a consumer investigation on multiple counts pursuant to 15 U.S. Code § 1681i et seq;

l) The continual failure to promptly, reasonably to conduct a consumer dispute investigation within thirty days.

m) The failure to promptly and adequately investigate information which Defendant EQUIFAX INFORMATION SERVICES, LLC., had constructive and formal notice was inaccurate;

n) The failure to note in the consumer credit report that the Mr. Whaley disputed the accuracy of the information;

o) EQUIFAX INFORMATION SERVICES, LLC., failure to promptly delete information that was found to be inaccurate, or could not be verified, pursuant to 15 U.S. Code § 1681i(5) et seq;

p) The failure to take adequate steps to verify information EQUIFAX INFORMATION SERVICES, LLC., had reason to believe was inaccurate before including it in the consumer credit report of the consumer.

309.     The substantial danger of injury to Mr. Whaley's damage from EQUIFAX

         INFORMATION SERVICES, LLC., willful false furnishment and statements is readily

         apparent. Such inaccuracies in the furnishing of information are readily apparent. Such

         furnishment of inaccurate information contained within the consumer credit report

         would tend to harm the reputation of another as prevalent in in Pedro v. Equifax, Inc.,

         868 F.3d 1275, 1279–80 (11th Cit. 2017), the court held that false credit reporting itself

         is a concrete injury, reasoning that the harm bears a close relationship to that of the tort

         of defamation under Article III of the constitution.

310.     EQUIFAX INFORMATION SERVICES, LLC., has not adopted reasonable procedures

         that are fair and equitable, to Mr. Whaley, regarding the confidentiality, accuracy and

         relevancy pursuant to 15 U.S. Code § 1681(b), and have willfully through lack of

         procedures has with gross incompetence violated Mr. Whaley's consumer rights

         pertaining to the Fair Credit Reporting Act.

311.     EQUIFAX INFORMATION SERVICES, LLC., willfully failed to review all relevant

         information available to them in conducting investigations as required by and provided

         by EQUIFAX INFORMATION SERVICES, LLC., in conducting its reinvestigation as

         required by 15 U.S. Code § 1681i et seq.

312.     At the time of information actively being furnished EQUIFAX INFORMATION

         SERVICES, LLC., knew the information contained within the consumer credit profile

         of Mr. Whaley was false.

313.     Defendant's above-described wrongful actions, inaction and omissions, and want of

         ordinary care, in turn, directly and proximately caused no discernable investigation of

         Mr. Whaley's consumer credit report, in turn, directly and proximately resulted in the

         wrongful dissemination of Mr. Whaley's consumer credit report and inaccurate credit

         entries onto those reports.

314.     Defendant's above-described wrongful actions, inaction and omissions, and want of

         ordinary care, in turn, directly and proximately caused no discernable investigation of

         Mr. Whaley's consumer credit report, in turn, directly and proximately directly and

         proximately caused Mr. Whaley to suffer economic damages and other actual injury and

         harm, and collectively constitute the willful and knowing violation of the Fair Credit

Reporting Act.

315.  In addition, EQUIFAX INFORMATION SERVICES, LLC.,'s failure to comply with the foregoing requirements was willful because EQUIFAX INFORMATION SERVICES, LLC., knew or should have known, but recklessly disregarded, that its consumer complaint investigations, method of verification, reasonable timely responses, and measures were inadequate and unreasonable and additional steps were necessary to protect the rights of consumers and Mr. Whaley. The willful and reckless nature of EQUIFAX INFORMATION SERVICES, LLC's violations is supported by, among other things, its knowledge that its consumer complaint investigations procedures fall short of their peer consumer reporting agencies, the documented instances in which EQUIFAX INFORMATION SERVICES, LLC., was informed of the investigational failures by the Consumer Financial Protection Bureau, EQUIFAX INFORMATION SERVICES, LLC's numerous other insufficiencies in the past, and EQUIFAX INFORMATION SERVICES, LLC's knowledge of similar consumer dispute verification issues that remained unresolved and insufficient.

316.  EQUIFAX INFORMATION SERVICES, LLC., refused to delete or modify Mr. Whaley's information contained on his consumer credit report after placed on constructive and formal notice the information was misleading and false.

317.  EQUIFAX INFORMATION SERVICES, LLC., has willfully refused to follow federal law mandating reasonable procedures for consumer disputes pursuant to 15 U.S. Code § 1681i et seq.

318.  It was reasonably foreseeable to Defendant, that its failure to identify, implement, respond timely and reasonably, conduct proper and reasonable investigations into Mr. Whaley's consumer disputes and have proper verification, data security measures, policies, procedures, protocols, and software and hardware systems to have maximum accuracy reporting Mr. Whaley's consumer credit report, whereby Mr. Whaley's consumer credit report would contain misleading information, thereby compromising the maximum accuracy, reputation, and undermine the banking system and economy as stated in 15 U.S. Code § 1681 and cause Mr. Whaley severe harm.

319.  Defendant's above-described wrongful actions, inaction, omissions, and want of

ordinary care, and the resulting consumer dispute investigational failures, directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the negligent violation of Fair Credit Reporting Act. Had Defendant not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, Mr. Whaley would not have suffered these injuries, would have been properly protected by the Fair Credit Reporting Act, and his consumer credit report would not have been furnishing inaccurate and misleading information. Mr. Whaley, therefore, is entitled to injunctive relief, and compensation for his economic damages, and other actual injury and harm in the form of, inter alia, (i) his lost time and resources trying to resolve this matter, (ii) the numerous missed financial and investment opportunities, (iii) the financial and temporal cost of monitoring his credit, monitoring their financial accounts, and mitigating his damages.

320. As a direct and proximate cause of EQUIFAX INFORMATION SERVICES, LLC., negligent failure to perform its duties under the Fair Credit Reporting Act, Mr. Whaley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

321. Mr. Whaley seeks to recover Fair Credit Report Act statutory damages to the fullest extent allowable by law.

**WHEREFORE, PLAINTIFF PRAYS** and respectfully asks that this Honorable Court enter an award in Plaintiff's favor and against Defendant, as follows:

1. Awarding Mr. Whaley statutory damages of not less than $169,000.00 or in such additional amount;

2. Awarding Mr. Whaley punitive damages to the maximum extent permitted by the laws of this Honorable Court, but not less than $250,000.00;

3. Awarding Mr. Whaley all of his expenses and costs, including applicable attorneys' fees pursuant to 15 U.S Code § 1681n; and;

4. Granting such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury of all issues so applicable and triable.

Respectfully submitted,

November 29, 2022

/s/Elijah N. Whaley
6957 SpringFarm Court
Dayton, Ohio 45459
(937) 809-4479
ElijahWhaley@proton.me

## VERIFICATION

BEFORE ME personally appeared Elijah Whaley who, being by me first duly sworn and identified in accordance with Ohio law, deposes and says:

1. My name is Elijah Whaley, Plaintiff herein.

2. I have read and understood the attached foregoing complaint, and under penalty of perjury I say each fact alleged therein is true and correct of my own personal knowledge.


FURTHER THE AFFIANT SAYETH NAUGHT.


STATE OF OHIO


COUNTY OF MONTGOMERY


SUBSCRIBED AND SWORN TO BEFORE ME, on the 29th day of November 2022


Signature _____ (Seal)

JAMES WILLIAM BAKER JR
Notary Public
State of Ohio
My Comm. Expires
April 7, 2026

NOTARY PUBLIC

My Commission expires: _April 7 2026_

_____
(Signature)


Elijah Whaley, Affiant

85