UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIJAH WHALEY,

    Plaintiff,

vs.

EQUIFAX INFORMATION,
SERVICES, LLC,

    Defendant.

Case No. 3:22-cv-357

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) CONDITIONALLY GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 14); (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (Doc. No. 6); (3) DISMISSING PLAINTIFF'S MOTIONS WITHOUT PREJUDICE (Doc. Nos. 17, 18, 23, 24, 25); (4) PROVIDING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN 30 DAYS OF THIS ORDER; AND (5) ADVISING PLAINTIFF THAT HIS CASE MAY BE TERMINATED IF HE FAILS TO COMPLY WITH THIS ORDER**

---

This civil case—filed by Plaintiff, who is proceeding *pro se*[1]— appears to assert violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. It is before the Court on Defendant's Fed R. Civ. P. 12(b)(6) motion to dismiss. Doc. No. 14. Plaintiff filed an opposition memorandum (Doc. No. 21), and Defendant filed a reply (Doc. No. 23).[2] This motion is now ripe

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

[2] In a related case, Plaintiff admitted that he used Artificial Intelligence ("AI") to prepare case filings. *See* Doc. No. 25 at PageID 536–37, *Whaley v. Experian Info. Sols., Inc.*, No. 3:22-cv-356 (S.D. Ohio May 23, 2023). Although there is no reason to believe Plaintiff has used AI to prepare his filings in the present case, the Court reminds all parties that they are not allowed to use AI—for any purpose—to prepare any filings in the instant case or any case before the undersigned. *See* Judge Newman's Civil Standing Order at VI. Both parties, and their respective counsel, have an obligation to immediately inform the Court if they discover that a party has used AI to prepare any filing. *Id.* The penalty for violating this provision includes,

for review.

**I.**

Plaintiff's complaint is 85 pages long. *See* Doc. No. 6. Counting attachments—consisting of various letters sent to Defendant in which Plaintiff complains about allegedly unlawful conduct—it is 150 pages. *See* Doc. No. 6-1. Adding his various motions requesting, *inter alia*, a default judgment, summary judgment, and Rule 11 sanctions, Plaintiff's pleadings, motions, and attachments total 207 pages. Doc. Nos. 6, 17, 18, 23, 24, 25. Although unclear, Plaintiff, in his complaint and various motions, alleges that Defendant violated the FCRA, at times and dates not apparent on the face of his various filings. *See generally* Doc. No. 6. Recognizing this issue, Defendant seeks dismissal of Plaintiff's complaint because it is too verbose and confusing to provide adequate notice of the allegedly unlawful conduct for which Plaintiff seeks relief. Doc. No. 14 at PageID 346–47.

**II.**

Fed. R. Civ. P. 8(a) requires that "'[a] pleading that states a claim for relief . . . contain,' among other things, '*a short and plain statement of the claim* showing that the pleader is entitled to relief.'" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint violates Fed. R. Civ. P. 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). The usual remedy is dismissal without prejudice, while granting leave to amend. *Id.*

Plaintiff's complaint, motions, and various attachments are "verbose, confused, and redundant," violating Fed. R. Civ. P. 8(a). To state a claim under the FCRA against an eligible

---

*inter alia*, striking the pleading from the record, the imposition of economic sanctions or contempt, and dismissal of the lawsuit. *Id.*

consumer reporting agency under § 1681s-2(b),³ a plaintiff must meet the "threshold showing" that the information is inaccurate or incomplete by alleging sufficient facts, when taken as true, to show "that the information [Defendant] provided is false or that it contains a material omission or creates a materially misleading impression." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629–30 (6th Cir. 2018) (*citing Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012); *see also Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533, 548 (E.D. Mich. 2020) ("[R]eporting is accurate for purposes of the FCRA as long as it is technically accurate, or accurate on its face." (quoting *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 960 (E.D. Mich. 2016))). His 150-page complaint only alleges that Defendant violated the FCRA, without indicating what inaccurate information, if any, Defendant relayed to others, so the complaint is unclear and potentially frivolous or malicious. *See generally* Doc. No. 6. Plaintiff's complaint, and his various motions, consist of mostly irrelevant background information, interspersed quotes, and miscellaneous legal citations that do not offer Defendant a fair glimpse at what actions could plausibly give rise to an FCRA claim. *Id.*; *see, e.g.*, *McComb v. Dominium Prop. Mgmt.*, No. 3:20-cv-369, 2022 WL 4395994, at *3 (S.D. Ohio Sept. 23, 2022) (dismissing amended complaint because it was "intersperse[d with] 'excerpts from case law and numerous statutory and regulatory provisions' with verbal and written communications allegedly made to him by certain Defendants[,]" which made it "impossible for a Defendant to admit or deny and respond with defenses pursuant to Fed. R. Civ. P. 8(b)(1)"); *cf. Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 508 (7th Cir. 2001) (order) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly

---

³ Liberally construing Plaintiff's allegations in his favor, the Court recognizes that he brings a claim under § 1681s-2(b), which "prevent[s] 'furnishers of information' from spreading inaccurate consumer-credit information.'" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629–30 (6th Cir. 2018) (emphasis deleted) (quoting *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012)).

litigation." (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994))). Thus, in their current form, Plaintiff's complaint and subsequent filings violate Rule 8(a)'s mandate to plead a short and plain statement showing he is entitled to relief. *See Kenzu*, 5 F.4th at 649.

### III.

Accordingly, Defendants' motion to dismiss (Doc. No. 6) is **CONDITIONALLY GRANTED**. Plaintiff's complaint (Doc. No. 6) and various motions (Doc. Nos. 5, 6, 7, 8, 9, 10) are each **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE** to file an amended complaint within **30 days of this Order**. In his amended complaint, Plaintiff shall: (1) briefly describe the alleged inaccurate information that Defendant transmitted; (2) include the dates in which Defendant transmitted this allegedly inaccurate information; and (3) allege to whom Defendant transmitted this information. The amended complaint should not exceed 20 pages. Defendant may renew, if warranted, its motion to dismiss in the event Plaintiff files an amended complaint. Plaintiff is **ADVISED** that, if he fails to timely file an amended complaint in accordance with this Order, the Court may dismiss his complaint with prejudice and terminate the case on the docket. *See Kensu*, 5 F.4th at 652–53.

**IT IS SO ORDERED.**

  September 11, 2023                                s/Michael J. Newman
                                                            Hon. Michael J. Newman
                                                           United States District Judge